Commonwealth *v.* Brown, Appellant.

Submitted September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Marvin F. Galfand, Myrna W. Galfand,* and *Dragon, Verlin & Galfand,* for appellant.

*James J. Wilson, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., February 27, 1975:

The Appellant, Robert L. Brown, was tried before a judge, sitting without a jury, on charges of possession and possession with intent to deliver a controlled substance, namely heroin. Prior to trial, the Appellant unsuccessfully moved to suppress evidence seized from him. After a finding, at trial, of guilt on both counts, and post trial motions which were denied, Appellant filed this direct appeal to our Court. He raises several claims of error.

First, Brown argues that the evidence against him was seized as a result of an unlawful search. The record shows that on the evening of September 8, 1973, two Philadelphia police officers were cruising in a patrol car

when they noticed a car driven by the Appellant. Their attention was drawn to this car by the fact that the entire windshield of the car was cracked; as the car passed by, they also saw that it had no rear lights. After the officers signaled for the Appellant to pull over, which he did, the officers parked behind him and directed their spotlight on the car.

One officer left the patrol car and approached the Appellant's car. As the policeman came within a few feet of the driver's door, the Appellant got out on the driver's side. The officer immediately noticed a metallic object in Brown's right hand, shining in the glare of the spotlight and then saw the Appellant quickly shove this object into the front waistband of his trousers.

Instinctively, the officer reached out and grabbed the Appellant's right hand, and pulled it from behind his belt. The officer later testified he believed at the time that the shiny metal object was a small derringer. After gaining control of Appellant's right arm, the officer *forced* Brown to open his hand, which still grasped the metallic object. When Brown's grip relaxed, the officer saw that the shiny object was not a gun or really any other type of weapon, but rather, was a package of glassine envelopes partially covered by tin foil. Closer inspection showed the glassine envelopes contained a white powder which later proved to be heroin. The officer then placed Brown under arrest.

The Appellant claims that the "search" which revealed the tinfoil covered packets of heroin was unlawful. We cannot agree. In the landmark search and seizure case of *Terry v. Ohio*, 392 U. S. 1 (1968), the United States Supreme Court recognized the "... myriad daily situations in which policemen and citizens confront each other on the street." *Id.* at 12. The Supreme Court held that police officers can judge each such confrontation in light of their individual experience and common sense. *Supra,* at 27-28. We find the following language from *Terry,*

*supra,* at 24, to be particularly appropriate to the questions raised in this case:

> "When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm."

We find that the suspicion of the officer that Brown had a gun or other weapon in his hand to be perfectly justified and reasonable and therefore hold that the search which revealed the glassine heroin packets was proper. See also *Adams v. Williams,* 407 U.S. 143 (1972) (gun in suspect's waistband) ; *Commonwealth v. DeJesus,* 226 Pa. Superior Ct. 79 (1973).

Next, Appellant claims the evidence was insufficient to convict him of possession "with intent to deliver"; he argues that only simple possession was proven. The record shows that the foil-covered package taken from Brown consisted of three bundles of glassine packets. The bundles contained twenty-five, twenty-five and twenty-one packets, respectively, for a total of seventy-one packets. The Commonwealth produced evidence, through an experienced police narcotics agent, that street vendors ("pushers") of heroin frequently package their product in bundles of twenty-five glassine envelopes. Even if this expert evidence were not available, with the tremendously large number of narcotics violations cases passing through our Court and the lower courts each year, we realize that it was reasonable for the lower court to conclude that an individual's possession of seventy-one packages of heroin supports an inference that the possessor intended to distribute the drugs rather than retain them for personal use. See *U.S. v. Nocar,* 497 F.2d 719, 725 (7th Cir. 1974) ; *U.S. v. King,* 485 F.2d 353 (10th Cir. 1973) ; *U.S. v.*

*Blake,* 484 F.2d 50 (8th Cir. 1973). The argument of the Appellant to the contrary has no merit.

Thirdly, the Appellant claims he was denied "due process, effective assistance of counsel and his right to subpoena evidence" by the prosecution's failure to produce the tinfoil wrapper and narcotics at his suppression hearing and trial. The record shows that Appellant's trial counsel stipulated to the chain of custody of the materials and to the contents of the chemist's report. Moreover, the record shows no request was made for the production of this evidence at trial. The only real reference to the nonproduction of the heroin by the Commonwealth was when defense counsel in his *argument* at the suppression hearing tried to create an inference in favor of his client due to the fact the Commonwealth had not brought the heroin to the hearing. Under the circumstances, Brown's arguments of denial of due process and right to subpoena in relation to the evidence must be dismissed. It is well settled that claims of ineffective counsel, unless based upon matters which are clearly and irrefutably shown on the record, must be raised in a collateral petition for post-conviction relief rather than in a direct appeal. *Commonwealth v. Benjamin,* 219 Pa. Superior Ct. 344, 280 A.2d 625 (1971) (Footnote 1). We find no such clear showing of ineffective counsel to merit our consideration of that claim in this appeal.

Lastly, Brown claims it was error for the lower court to convict and sentence him on charges of both possession and possession with intent to deliver. The record, although somewhat unclear on this point, does show that the Appellant was first sentenced on both charges, but later resentenced only on the latter (and more serious) charge. The record further reveals that the court also dismissed the count of simple possession in resentencing. This last claim of Appellant is therefore without substance.

Affirmed.

CERCONE, J., concurs in the result.