401 A.2d 816

**COMMONWEALTH of Pennsylvania**

v.

**George WALLACE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided April 12, 1979.

92

Louis R. Dadowski, Pittsburgh, for appellant.

Stephanie P. Popivchak, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

Following a non-jury trial on December 10, 1976, appellant was found guilty of possession of a controlled substance,[1] to-wit, heroin, and possession with intent to deliver a controlled substance.[2] Post-trial motions for a new trial and in arrest of judgment were denied, and appellant was sentenced to a term of imprisonment of from three to ten years on the charge of possession with intent to deliver a controlled substance. Sentence was suspended on the charge of possession of a controlled substance. Appellant contends that the evidence presented at trial was insufficient to establish that he was a *seller* of the heroin. We disagree, and affirm the judgment of sentence.

The facts pertinent to our consideration of the instant appeal are as follows. On September 28, 1976, at approximately 10:50 p. m., plainclothes Officers James Holliday and Albert Stegena of the Pittsburgh Police Department, responding to a tip from a reliable informant, set up a surveillance post in the 1700 Block of Center Avenue, located in Pittsburgh's Hill District. The Officers observed appellant at this location for a span of thirty-five minutes, and during this time, appellant paced back and forth within a one block radius. On two different occasions, appellant was approached by two different black males who exchanged arti-

1. Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(16), 35 P.S. § 780–113(a)(16).

2. *Id.*, § 13(a)(30), 35 P.S. § 780–113(a)(30).

cles[3] with him. Shortly after the second exchange, appellant was arrested. A search of appellant incident to the arrest produced a plastic bag containing fourteen foil packets. Subsequent chemical analysis conducted by the Department's Crime Laboratory revealed that each foil packet contained a half-spoon measure of a substance containing heroin.

■■■ Expert testimony[4] presented at trial indicated that the quantity of heroin found on appellant was of sufficient magnitude to indicate that appellant was in the business of selling heroin rather than retaining it for his own personal use.[5]

■■■ We find this case to be controlled by our earlier decision in *Commonwealth v. Harris*, 241 Pa.Super. 7, 359 A.2d 407 (1976). The appellant in *Harris* was convicted of possession of heroin with intent to deliver; appellant in that case was in possession of sixteen half-spoons of heroin. In

3. Officer Holliday testified that from his vantage point, he could not see exactly what was being exchanged.

4. The expert testifying for the Commonwealth was Police Detective Barry Fox. Detective Fox at the time of trial was a member of the Narcotics Section of the Pittsburgh Police Department with two and a half years experience in that section and seven years experience in the Department. Detective Fox testified to having made numerous arrests for possession and possession with intent to deliver a controlled substance. He had attended narcotics training schools conducted by the then Bureau of Narcotics and Dangerous Drugs, and he served in the armed services as a medic assigned to cases involving the effects of drugs on patients.

5. Appellant claims Detective Fox's opinion was so contradictory that it was worthless. This claim stems from Detective Fox's response that it was conceivable that a heavy user of heroin could consume the amount of heroin contained in the fourteen half-spoons within two or three days because "in the case of drugs, anything's possible." However, Detective Fox went on to testify that if someone were so heavy a user, he would buy bulk amounts rather than individual foil-wrapped half-spoon amounts. In any event, any contradiction present in the testimony of a witness affects the weight to be accorded that testimony. "The law is well settled that it is the exclusive province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded their testimony. . . . We will not disturb such a finding on appeal unless it is manifestly erroneous. (citations omitted)." *Commonwealth v. Garvin*, 448 Pa.

affirming the judgment of sentence in *Harris,* this court noted that the lower court considered the police detective's testimony that the amount in appellant's possession was more than would be carried by a person for his personal use, and convicted the appellant on that basis. We held that we could not find any manifest error on the lower court's part under those circumstances. *See Commonwealth v. Garvin, supra.* As in *Harris,* we find no manifest error by the court below in according weight to the police detective's testimony and in finding appellant guilty of possession with intent to deliver a controlled substance because he was in possession of fourteen half-spoons of heroin.

Judgment of sentence affirmed.

SPAETH, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

I dissent. *See Commonwealth v. Harris,* 241 Pa.Super. 7, 13–17, 359 A.2d 407, 410–12 (1976) (HOFFMAN, J. dissenting).

258, 269, 293 A.2d 33, 39 (1972). Considering the testimony *in toto,* we find that the lower court did not commit error in according weight to Detective Fox's opinion.