444 A.2d 115

**COMMONWEALTH of Pennsylvania,**

v.

**Marlin H. BOWERMASTER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed April 12, 1982.

Petition for Allowance of Appeal Denied July 19, 1982.

Taylor P. Andrews, Public Defender, Carlisle, for appellant.

J. Michael Eakin, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

Appellant Marlin H. Bowermaster was arrested and charged with possession with intent to deliver marijuana. His motion to suppress the evidence was denied and appellant was found guilty by a jury of the crime charged. Following denial of his post-trial motions, appellant was sentenced to a term of imprisonment. This appeal followed. We find no merit in the claims raised by appellant and therefore we affirm.

Appellant first claims that the trial court erred in refusing to suppress evidence seized from the car in which he was riding immediately prior to his arrest. He contends that there was no probable cause to stop the vehicle and that any evidence seized from the car must, therefore, be suppressed. The facts leading up to appellant's arrest are as follows.

Several days before appellant's arrest, a police informant told Pennsylvania State Police Officers Wynn and Helwig that he had observed marijuana at a farmhouse occupied by one Harry Bevan and that Bevan had told him that he expected a large shipment of marijuana within the next couple of days. The farmhouse was put under surveillance approximately thirty-six to forty hours prior to the time of the arrest. During the period of surveillance, numerous vehicles were observed arriving and departing the premises, staying for periods ranging from five to twenty minutes. A silver Pontiac Firebird visited the farmhouse several times. When this vehicle last departed the farmhouse on March 9, 1979, Officers Wynn and Helwig followed in an unmarked car. The silver Firebird stopped about one half mile from the farmhouse and picked up appellant, even though appellant had not signaled to this car nor to either of the two

preceding vehicles that he wanted a ride. A registration check disclosed that the silver Firebird was registered to a Donald Bevan, later identified as the driver of the car and the brother of the occupant of the farmhouse.

Officers Wynn and Helwig, from a distance of approximately two car lengths behind the Firebird, observed appellant and Bevan engage in animated conversation and hand slapping, and then saw appellant reach to the back seat for a brown paper bag which he brought up to the front seat and placed in front of him. Shortly thereafter, what appeared to be a white rolled cigarette blew out the right front window. A few moments later appellant and Bevan were seen passing an object back and forth and placing it to their lips while holding it between their thumbs and forefingers. Five minutes later Bevan held what appeared to be a charred cigarette outside the window, rubbing it between his fingers so that the contents scattered in the wind. Based on years of experience with drug investigations, Officer Wynn concluded that the occupants of the car were smoking marijuana.

Shortly thereafter, the Firebird was stopped by officers of the Lower Allen Township Police Department acting upon a radio request from Officers Wynn and Helwig. The Lower Allen Police Officers noticed two paper bags in the area directly in front of the passenger seat which had been occupied by appellant. The bags were open and the officers were able to see the contents, which they identified as marijuana. The bags were removed and appellant and Bevan were placed under arrest.

Appellant claims that the 4.1 pounds of marijuana seized from the car should have been suppressed. Both of the arresting officers testified that they could identify the contents of the bags from outside of the vehicle and therefore, as long as they were not acting improperly in stopping the vehicle, the evidence is admissible under the plain view doctrine. *Harris v. U. S.*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

■ It was not necessary for the arresting officers to have personal knowledge of the information constituting probable cause to stop the silver Firebird. They were merely responding to a radio request for assistance. If Officers Wynn and Helwig, who requested the stop, had sufficient information to constitute probable cause, then the stop and the subsequent seizure of marijuana were proper. *Commonwealth v. Kenney*, 449 Pa. 562, 297 A.2d 794 (1972).

The Pennsylvania Supreme Court has stated that:

probable cause exists if the facts and circumstances which are within the knowledge of the officer at the time of arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime.

*Commonwealth v. Jones*, 478 Pa. 172, 177, 386 A.2d 495, 497 (1978). This court stated in *Commonwealth v. Tolbert*, 235 Pa.Super. 227, 230, 341 A.2d 198, 200 (1975) that "when we examine a particular situation to determine if probable cause exists, we consider all the factors and their total effect, and do not concentrate on each individual element."

■ Appellant alleges that in examining the factors relevant to a determination of whether there was probable cause we must ignore the tip from the informant since it does not meet the two-pronged test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). *Aguilar* held that where probable cause is based on information supplied by an informant, it must be shown that the informant himself is reliable and that the information he offers has a reliable basis. We feel that the test was satisfied in this case. Officer Wynn testified that information received from the same informant had resulted in three prior drug convictions. The informant's statement that there was marijuana present at the farmhouse was based on personal observation and therefore has a reliable basis.

■ Even if the *Aguilar* test was not met, we would not have to ignore the informant's tip in this case. The Su-

preme Court held in *Spinelli v. U. S.*, 393 U.S. 410, 418, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969) that even if an informant's tip is not sufficient, standing alone, to provide the basis for a finding of probable cause, it can be considered along with other factors in determining whether there was probable cause.

We believe that the informant's tip and the high rate of vehicle activity at the farmhouse, including several visits by the silver Firebird registered to Donald Bevan, in conjunction with the personal observations of Officers Wynn and Helwig of the actions of Donald Bevan and appellant were sufficient to warrant a belief that appellant was committing a crime. Therefore, the trial court did not err in refusing to suppress the evidence seized from the car.

Appellant next argues that the trial court erred when it denied his motion for a mistrial. The motion was made following a remark made by Donald Bevan during the presentation of the Commonwealth's case-in-chief. Appellant claims that the concluding remark in the following exchange created an inference in the minds of the jurors of prior criminal activity on the part of appellant and was therefore grounds for a mistrial.

Q. Were you questioned by the police?

A. I was, sir.

Q. Did you initially tell them what you have told us here today at first?

A. No sir, I told them that it was mine and that Mr. Bowermaster was, in fact, hitchhiking.

Q. Why did you tell them that?

A. Well, *this is my first time and I figured that,* you know, well, I just figured *they would be easier on me than they would on him basically.*

N.T. 49 (emphasis added).

The "controlling question" in cases raising this issue "is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity." *Commonwealth v. Allen,* 448 Pa. 177, 181, 292

A.2d 373, 375 (1972). If such an inference is created, then a mistrial must be granted. However, the Pennsylvania Supreme Court stated in *Commonwealth v. Nichols*, 485 Pa. 1, 4, 400 A.2d 1281, 1282 (1979) that "[not] all references which may indicate prior criminal activity warrant reversal." Mere "passing references" to prior criminal activity do not warrant reversal unless the record illustrates that prejudice resulted from the reference. *Ibid.* As we stated in *Commonwealth v. Colon*, 264 Pa.Super. 314, 321–322, 399 A.2d 1068, 1071 (1979), there is "no per se rule requiring a new trial for every reference [to prior criminal conduct]. The decision whether to declare a mistrial when faced with these situations is addressed to the sound discretion of the trial judge."

Moreover, there is no indication that the district attorney was attempting to elicit a response which would prejudice the appellant by suggesting prior criminal activity on his part. On the contrary, it is not unreasonable to assume that the district attorney "sought only to minimize the harmful effect of any possible impeachment of Bevan by the defense, by having Bevan explain the inconsistency between his trial testimony and his initial statement to the police during his direct testimony." Appellee's brief at 17. The Pennsylvania Supreme Court recently stated that "[t]he nature of [a reference to prior criminal conduct] and *whether the remark was intentionally elicited by the Commonwealth* are considerations relevant to the determination of whether a mistrial is required." *Commonwealth v. Richardson*, 496 Pa. 519, 437 A.2d 1162, 1165 (1981), citing *Commonwealth v. Williams*, 470 Pa. 172, 178 n.4, 368 A.2d 249, 252 n.4 (1977) (emphasis added). *See also Commonwealth v. Black*, 464 Pa. 604, 347 A.2d 705 (1975).

It is true that in both *Richardson* and *Williams, supra,* the Supreme Court's conclusion that a mistrial was not warranted was based in large part on its belief that any possible prejudice had been removed by cautionary instructions. In the instant case no cautionary instructions were given. Neither, however, were such instructions requested by appel-

lant's counsel. Appellant has at no point alleged that his counsel was ineffective for failing to request such instructions and therefore the issue of counsel's possible ineffectiveness is not before us. Nor can we hold that the lower court should have given such instructions *sua sponte*. In *Commonwealth v. Jackson*, 248 Pa.Super. 420, 375 A.2d 168 (1977), a trial judge refused to grant a mistrial following a reference to a prior burglary committed by the defendant and did not give cautionary instructions. We affirmed the conviction, agreeing with the lower court, which had stated that "any undue reference to [the remark] either by way of additional instructions or admonishment would have only exaggerated a very minor problem." 248 Pa.Super. at 425, 375 A.2d at 170.

■ Our review of the record leads us to conclude that the remark objected to did not rise to the level of depriving appellant of a fair and impartial trial and is therefore not grounds for a mistrial. *Commonwealth v. Palmer*, 463 Pa. 26, 342 A.2d 387 (1975).

Finally, appellant claims that the verdict was unsupported by the evidence as a matter of law, or in the alternative the verdict was against the weight of the evidence. With regard to the sufficiency claim, appellant admits that the evidence was sufficient to sustain a conviction for mere possession, but he alleges that it was insufficient to support the jury's verdict of guilty of possession with intent to deliver.

In addressing the sufficiency claim, we must determine: whether, viewing all of the evidence at trial in the light most favorable to the Commonwealth, the verdict winner, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt.

*Commonwealth v. Kline*, 277 Pa.Super. 486, 489, 419 A.2d 1252, 1254 (1980).

■ Donald Bevan testified that the appellant had called him the day of the arrest and had asked him if he (Bevan) knew where appellant could obtain some marijuana and that appellant had said he wanted three pounds of marijuana or "whatever was around." Police officers seized 4.1 pounds of marijuana from the car at the time of the arrest. Bevan also testified that about one-quarter pound of marijuana was for his own personal use. Therefore the evidence, viewed in the light most favorable to the Commonwealth, established that appellant had possession of at least three pounds of marijuana. Additionally, the jury had before it the testimony of one of the arresting officers that four pounds of marijuana was a large amount for personal use. The large quantity of marijuana possessed by appellant justified the jury's drawing an inference of intent to deliver. *Commonwealth v. Wallace*, 265 Pa.Super. 91, 401 A.2d 816 (1979).

■ As to the claim that the verdict is against the weight of the evidence, it is true that a new trial may be granted if a verdict is against the weight of the evidence even if the evidence is legally sufficient to sustain a guilty verdict, *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977). The grant of a new trial is, however, within the discretion of the trial court. *Commonwealth v. Thomas*, 278 Pa.Super. 39, 419 A.2d 1344 (1980). In this case there was a conflict between the testimony given by the appellant and that given by Donald Bevan. There was also an inconsistency between Bevan's initial statement to police and his testimony at trial. It was, nevertheless, within the province of the jury to resolve the inconsistencies in favor of Bevan's trial testimony. Therefore, the trial court did not abuse its discretion when it refused to grant appellant a new trial.

Judgment of sentence affirmed.

SPAETH, J., files concurring and dissenting opinion.

SPAETH, Judge, concurring and dissenting:

I agree with the majority that the lower court did not err in denying the motion to suppress. However, I cannot agree

with the majority's conclusion that the court properly denied appellant's motion for a mistrial. I think it clear that from the statement by Donald Bevan, the Commonwealth's witness, the jury could, and must, have inferred that appellant had engaged in prior criminal activity, and that this inference was prejudicial to appellant. The judgment of sentence should therefore be reversed and the case remanded for new trial.

During direct examination by the prosecutor, Donald Bevan testified as follows:

Q. Is it correct that you have entered a plea of guilty to possession of schedule one controlled substance?

A. Yes, sir, that's true.

Q. Is it correct that that charge was reduced from possession with intent to deliver a controlled substance?

A. It was, sir.

Q. Have you been sentenced on that charge?

A. Not as yet, sir.

Q. Were you represented by an attorney at that time?

A. Yes, sir, I was.

Q. Who was that?

A. It was Anthony Federico, Harrisburg address.

Q. Were you questioned by the police?

A. I was, sir.

Q. Did you initially tell them what you have told us here today at first?

A. No, sir. I told them that it was mine and that Mr. Bowermaster was, in fact, hitchhiking.

Q. Why did you tell them that?

A. Well, this is my first time and I figured that, you know, well, I just figured they would be easier on me than they would on him basically.

MR. ANDREWS:

If Your Honor please, may we approach the bench?

(Whereupon, the following discussion was held at side bar.)

MR. ANDREWS:

I think the implication of what this witness has just said is that my client has a prior record. And I would ask for a mistrial right now on that basis.

THE COURT:

The motion is overruled. I don't think there is enough from what he said to indicate anything about a prior record.

(End of discussion at side bar.)

N.T. 49–50.

Under *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972), as the majority acknowledges, the inquiry is whether the jury could reasonably infer from the testimony that the defendant had engaged in prior criminal activity. Appellant argues that "[t]he only possible interpretation of Mr. Bevan's testimony which makes sense is that he chose initially to take total responsibility for the crime because he felt that he would receive more lenient treatment since he had no record and the defendant [appellant] apparently had a record." Appellant's Brief at 27. This argument is plainly right. Certainly that is the way I understand Bevan's testimony, and I have no doubt that that is the way the jury understood it. Also, it may be added, the jury had just heard testimony by Bevan to the effect that he had known appellant "since we were young," N.T. 38, thus demonstrating, first, that he was in a position to know whether appellant had engaged in criminal activity, and second, that he might well have lied in telling the original hitchhiking story to help his boyhood friend.

The majority does not discuss what it admits is the "controlling question," slip op. at 118, of whether a juror could reasonably infer from Bevan's statement that appellant had engaged in criminal activity. Rather, it goes on to say that "there is no indication that the district attorney was attempting to elicit a response which would prejudice the appellant ...." slip op. at 118, and, as evidence of the prosecutor's good intent, adopts the Commonwealth's after-the-fact explanation, Appellee's Brief at 8, as "not unreasonable," slip op. at 118.

I cannot subscribe to this reasoning. A prosecutor's intent in asking a question is not relevant to whether the response given creates an inference prejudicial to the accused. An innocent question may elicit a response so prejudicial as to deny an accused the right to a fair trial, and this is so whether the innocent question is asked by the prosecutor, *Commonwealth v. Washington*, 488 Pa. 133, 411 A.2d 490 (1979) (inference of criminal activity drawn despite fact that purpose of prosecutor's question was to show defendant had fled after murder), or by the accused's own counsel, *Commonwealth v. Wetzel*, 276 Pa.Superior Ct. 445, 419 A.2d 541 (1980) (inference of criminal activity drawn despite the fact that questions asked by defense counsel and not prosecutor).

*Commonwealth v. Richardson*, 496 Pa. 21, 437 A.2d 1162 (1981), on which the majority relies, is inapposite. That case involved the question whether cautionary instructions cured the prejudice resulting from a witness's remark that the last time the defendant was at the home of the murder victim "was when he burglarized it." *Supra*, 496 Pa. at 524, 437 A.2d 1164. The Supreme Court held that "prompt and decisive" cautionary instructions cured the prejudice created by the remark. *Id.*, 496 Pa. at 526, 437 A.2d 1165. The Court noted, too, that there was ample on-the-record evidence that the prosecution had made an effort to keep this information about the previous burglary from the jury:

This remark was preceded by discussions between the prosecutor, the court, and defense counsel concerning the necessity of preventing the jury from learning about the earlier burglary. In order to prevent any reference to the burglary from being made, the prosecutor instructed his witnesses not to mention the burglary directly, but to refer to it by date, October, 1977, if it were appropriate to refer to the prior burglary. Further, the prosecutor, on several occasions, cautioned defense counsel to be careful in this area of cross examination, and defense counsel stated that he appreciated "the prosecutor's concern over this dangerous line of cross examination."

*Id.*, 496 Pa. at 577, 437 A.2d at 1165.

It was in this context that the Court suggested that "[t]he nature of the inference and whether the remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is required. *Id.* at n. 4." *quoting, Commonwealth v. Williams,* 470 Pa. 172, 368 A.2d 249 (1977).[1] *Richardson* is therefore distinguishable, for, as the majority admits, no cautionary instructions were given to mitigate the prejudice flowing from Bevan's comment.

It is not enough to say, as the majority does, that appellant did not ask for cautionary instructions. The fact remains that prejudice resulted. The majority does not suggest, nor could it, that counsel's failure to ask for cautionary instructions constituted a waiver.[2] Moreover, the record shows that such a request would have been pointless, for the trial judge did not consider the statement prejudicial, as shown by his ruling on counsel's motion for a mistrial:

> THE COURT: The motion is overruled. I don't think there is enough from what he said to indicate anything about a prior record.

N.T. 50.

The majority says, "Nor can we hold that the lower court should have given such instructions *sua sponte.*" Slip op. at 119. I do not see why not. If a court can *sua sponte* order a mistrial when prejudice occurs, *Commonwealth v. Anderson,* 294 Pa.Superior Ct. 1, 439 A.2d 720 (1981), then *a fortiori,* it can *sua sponte* give cautionary instructions when prejudice occurs. Indeed, in other cases courts have done just that. *See, e.g., Commonwealth v. Baker,* 466 Pa. 382, 353 A.2d 406

1. *Williams* also involved the question whether a prejudicial remark was cured by cautionary instructions.

2. Failure to ask for cautionary instructions may constitute a waiver when the remark in question relates to an accused's silence at trial or at the time of the arrest, *Commonwealth v. Zellner,* 268 Pa.Superior Ct. 59, 407 A.2d 436 (1979). However, this is not the case when the remark relates directly to an accused's past criminal conduct, which the Supreme Court has suggested is tantamount to a confession in the high degree of prejudice it provokes. *See Commonwealth v. Spruill,* 480 Pa. 601, 391 A.2d 1048 (1978).

(1976); *Commonwealth v. Thomas*, 459 Pa. 371, 329 A.2d 277 (1974). In discussing the court's duty to act *sua sponte* when faced with prosecutorial overreaching, it has been well said:

> The trial judge, in jury cases, "is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law." *Quercia v. United States*, 289 U.S. 466 [469], 53 S.Ct. 698 [699], 77 L.Ed. 1321, 1324 (1932). *See* also *Commonwealth v. Claiborne*, 175 Pa.Super.Ct. 42, 50, 102 A.2d 900 (1953). 75 Am.Jur.2d Trial S.87. It has long been recognized in this Commonwealth that the trial judge not only has the power, but in proper cases the duty as well to "supervise the addresses of counsel so far as may be necessary to protect prisoners or parties litigant from injurious misrepresentations and unfair attack, and the jury from being misled. When this power should be exercised must be left to the sound discretion of the judge, and he should not hesitate to act where the fair administration of justice requires him to do so." *Commonwealth v. Mudgett*, 174 Pa. 211, 257, 34 A. 588 (1896). "The trial judge may, and should, confine arguments within the limitations of legitimate advocacy." *Commonwealth v. Ross*, 190 Pa.Super. 145, 154, 152 A.2d 778 (1959). *Commonwealth v. Phillips*, 183 Pa.Super. 377, 385, 132 A.2d 733 (1957). *See* also *Sadler*, Criminal Procedure in Pennsylvania, 2d Ed. §§ 561, 562, 563. He should in my judgment take an active role in the trial process where the circumstances warrant it; and, when it is apparent to him that the remarks of counsel are improper or bordering on the improper, should sua sponte call counsel to side bar, caution him or her against the line of argument being pursued, and where necessary, give appropriate cautionary instructions.

*Commonwealth v. Barren*, 273 Pa.Superior Ct. 492, 417 A.2d 1156, 1161–1162 (1979) (LIPEZ, J., concurring) (footnote omitted).

These observations apply as well to a witness's remarks as to a prosecutor's.[3]

Even assuming *Richardson* is applicable to this case despite its crucial factual difference, the majority's result does not follow. Although in *Richardson* the Court suggested that the prosecutor's intent was relevant, it did not hold, as the majority here attempts to do, that good intent on the part of a prosecutor would "save" an otherwise prejudicial answer. Nor could such a holding be accepted, for it would be inconsistent with considerations of fundamental fairness, which dictate that we not expand the exceptions that already exist to the rule against admitting evidence of an accused's prior criminal activity. As the Supreme Court has said:

> Evidence of prior criminal activity is probably only equalled by a confession in its prejudicial impact upon a jury. Thus, fairness dictates that courts should be ever vigilant to prevent the introduction of this type of evidence under the guise that it is being offered to serve some purpose other *than to demonstrate the defendant's propensity to commit the charged crime.* An additional reason why we caution trial courts against being innovative in carving out new exceptions to the rule is that evidence of prior criminal activity requires the accused to answer additional charges which were not included in the indictment returned against him. Where the testimony is admissible under the traditional exceptions counsel for an accused can anticipate its introduction and thus prepare a response. Where a novel exception provides the basis for the entry of such testimony, the appellant cannot reasonably be expected to be prepared to meet it. In the latter case, serious due process concerns are raised.

*Commonwealth v. Spruill*, 480 Pa. 601, 606, 391 A.2d 1048, 1050–1051 (1978).

**3.** Unlike the majority, I do not think Bevan's statement, and the inference it so clearly raised, can fairly be characterized as a "minor remark" to bring it within the holding of *Commonwealth v. Jackson*, 248 Pa.Superior Ct. 420, 375 A.2d 168 (1977).

Finally, there is no on-the-record indication of what the prosecutor's intent really was in asking Bevan the question. All we have is the Commonwealth's brief, which says that the district attorney "sought only to minimize the harmful effect of any possible impeachment of Bevan by the defense. . . ." Appellee's Brief at 17. I agree with the majority that this explanation is "not unreasonable," but it remains mere speculation, and therefore irrelevant. As a court, we may consider only such facts as are of record; we "may not consider those interjected by briefs of counsel." *Dile v. Dile*, 284 Pa.Superior Ct. 459, 426 A.2d 137 (1981); *Marine Bank v. Huhta*, 279 Pa.Superior Ct. 130, 420 A.2d 1066 (1980); *Gee v. Eberle*, 279 Pa.Superior Ct. 101, 420 A.2d 1050 (1980). We have been emphatic that this "essential principle of appellate review" is to be adhered to without exception, even when the asserted fact in one party's brief goes unchallenged:

Of course, it is an absolute rule that on appellate review, a court may not consider facts outside the record. *Commonwealth v. Young*, 456 Pa. 102, 115 & n. 15, 317 A.2d 258, 264 & n. 15 (1974) (citing numerous cases). Unfortunately, administration of this salutary rule has been somewhat erratic. For example, less than six weeks after *Commonwealth v. Young, supra*, our Supreme Court filed an opinion considering a summary of facts alleged in the appellee's brief, even though there was nothing in the record concerning these facts, because the appellant had "not substantially challenged that summary in any of his filings." *State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 271, 318 A.2d 910, 914 (1974). Other cases also contain vague and confusing references to apparent departures from the rule on an ad hoc basis. Such standardless deviation from an essential principle of appellate review quickly creates confusion, and eventually chaos. It is thus with some relief that we note that last year in *Commonwealth v. Quinlan*, 488 Pa. 255, 258, 412 A.2d 494, 496 (1980), our Supreme Court unanimously condemned consideration by an appellate court of material outside the record.

Since allegations in a brief, even when not "substantially challenged," are not part of the record, *Quinlan* necessarily overrules *State Dental Council and Examining Board v. Pollock, supra,* to the extent that it allows consideration of such allegations. We shall therefore not base our disposition on the unchallenged assertions in appellant's brief, but rather on what is in the record. *Commonwealth v. Rini,* 285 Pa.Superior Ct. 475, 427 A.2d 1385, 1389–90 (1981) (footnotes omitted).

Since here the record is devoid of an explanation of why the question was asked, we are left with a prejudicial statement concerning appellant's past criminal activity, with no cautionary instructions to guide the jury or reduce the prejudice to appellant. We have never encountered such a case and affirmed, and we should not now.

The judgment of sentence should be reversed and the case remanded for new trial.