## Commonwealth v. Culley

*John Pavloff, assistant district attorney,* for the Commonwealth.

*Kimberly M. Preston,* for defendant.

MELODY, *J.,* April 18, 1991[1]—Defendant was charged in the information with four counts as follows:

First count: Violation of the Controlled Substance, Drug, Device and Cosmetic Act, possession of controlled substance.[2] Substance: cocaine.

Second count: Violation of the Controlled Substance, Drug, Device ånd Cosmetic Act, possession of drug paraphernalia.[3]

Third count: Violation of the Controlled Substance, Drug, Device and Cosmetic Act, manufacture, deliver or possess with intent to manufacture or deliver.[4] Substance: cocaine.

Fourth count: Violation of the Controlled Substance, Drug, Device, and Cosmetic Act, possession of small amount of marijuana.[5]

This is an appeal from our habeas corpus decision wherein we dismissed the charge of the third count, possession with intent to deliver cocaine, because the Commonwealth had not established a prima facie case. By agreement of counsel our decision was based upon the police report,[6] two cases marked D-2 and D-3, and arguments of counsel.

The sole issue is whether or not the police report contains sufficient evidence to establish a prima facie case that defendant possessed cocaine with the

1. Pursuant to Pa.R.A.P., Rule 1925(a).
2. 35 P.S. §780-113-A-16.
3. 35 P.S. §780-113-A-32.
4. 35 P.S. §780-113-A-30
5. 35 P.S. §780-113-A-31.
6. Exhibit D-1.

*intent* to deliver it. We determined that defendant possessed the cocaine for personal use.

The police report contains evidence of possible thefts and receiving stolen property which should be ignored. They are not charges in the case sub judice.

A review of the police report reveals that defendant and an individual by the name of Frederick Thomas Prendergast have been involved in an off-and-on-again romance and sometime stormy relationship. We note that the police report makes it difficult to assign certain alleged actions to particular dates. The police report contains a mixture of what the police did, a statement of Prendergast, and a statement of defendant.

It appears that on March 28, 1990 Prendergast and the defendant Culley drove to Philadelphia where the defendant bought an "eight-ball" of cocaine at about 10 p.m.[7] According to Prendergast, they then went back to his apartment and they both snorted some of the cocaine and defendant smoked a little. According to defendant, after she bought the cocaine, they "did some drugs in the car and they did some in his apartment." Later the two had a fight and defendant called the police, who arrested Prendergast on a year-old abuse order.

On March 29, 1990, as a result of Prendergast's statement to the police, the police secured a search warrant for defendant's apartment and her car. At 2:37 p.m. the police executed the search warrant. At the time of the search, defendant, her one-year-old daughter and her sister Denise Culley were present. During the search the police found the following:

(1) A clear plastic bag of white powder, about one inch square, under a small blue jewelry box on top of the bureau in the master bedroom.

---

7. Prendergast believes that the defendant paid $140 for the cocaine. Defendant stated that Prendergast gave her $120 to buy the cocaine.

(2) Defendant's pocketbook was in the same bedroom and contained a black film canister containing 10 plastic bags folded into 10 small bundles; in each bundle was white powder.

(3) Two pieces of a plastic straw with a white powder residue were also found in the pocketbook.

(4) Also found in the defendant's pocketbook were assorted clear plastic bags, $140 in U.S. currency, two personal checks from Booker Barr Jr. made out to defendant in the total amount of $210 and other items which are contained on the property record no. 7971 which is part of exhibit D-1.

(5) A clip-on car mirror with white powder residue and a razor blade on the mirror were found under the right front passenger seat of defendant's car.

At this point we direct your attention to the property record and the lab report from the state police which are both part of exhibit D-1.

Defendant has offered two Superior Court cases as exhibits. Exhibit D-2 is *Commonwealth v. Smagala,* 383 Pa. Super. 466, 557 A.2d 347 (1989), and exhibit D-3 is *Commonwealth v. Bagley,* 296 Pa. Super. 43, 442 A.2d 287 (1982). We rely upon the decisions in both cases.

In the instant case the quantity of cocaine is as follows:

(A) Clear plastic bag (bureau)—0.29 gram of cocaine.

(B) Clear plastic bag (pocketbook)—0.13 gram of cocaine.

(C) 10 plastic bags (pocketbook)—total of 1.53 grams of cocaine.

Thus the total quantity of cocaine is 1.95 grams.

Initially we note that it is clear from defendant's own statement and the statement of Prendergast that defendant is a user of cocaine. We further note that, without question, when a user purchases cocaine it may be packaged in many ways and the user/pur-

chaser receives the cocaine in whatever packaged form the seller chooses. Thus the fact that the defendant had 10 small plastic bundles of cocaine in her pocketbook indicates nothing more than possession. In addition, no cutting implements, substances or diluents were discovered. Nor do the 12 empty clear plastic bags in the pocketbook offer anything of substance, since their logical use would be to hold individual doses of cocaine from a larger plastic bag such as the one on the defendant's bureau and the one in her pocketbook.

On the other hand, we consider that among the items found by the police search were the following:

(D) One pink empty plastic bag with white powder *residue*, in pocketbook.

(E) One clear empty plastic bag with white powder *residue*, in pocketbook.

(F) One green plastic container of single-edge razor blades, in pocketbook.

(G) One clip-on car mirror with white powder *residue* and a razor blade on it from under the front passenger seat of defendant's car.

(H) Two straws containing *residue* from pocketbook.

All of the above indicate *personal use* by the defendant and/or Prendergast.

A common sense review of the facts reveals unequivocally that defendant possessed the cocaine for personal use. The evidence is insufficient to establish that she possessed the cocaine with the *intent* to deliver or distribute it.