**In the Interest of Carlos EVANS, a Minor.**

Superior Court of Pennsylvania.

Submitted March 30, 1998.

Filed July 31, 1998.

Kevin G. Sasinoski, Public Defender, Pittsburgh, for appellant.

Michael Streily, Deputy Dist. Atty., Pittsburgh, for the Com., participating party.

Before KELLY and MUSMANNO, JJ., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

Carlos Evans, a minor, appeals from the adjudication of delinquency and disposition order entered in the Court of Common Pleas of Allegheny County. We affirm.

At approximately 8:30 p.m. on April 17, 1997, plainclothes Pittsburgh Police Officers Bolin, Kelly, and Cornwall observed Evans and two other men standing on the street. The officers were patrolling the streets in an unmarked vehicle. When Evans noticed the officers, he appeared startled and made a quick turn holding the waistband of his pants with his left hand. The officers got out of the car and approached the three men. Evans turned and threw an object that was quickly retrieved by Officer Kelly. Meanwhile, Officer Kelly's partner grabbed Evans and another man. The object discarded by Evans was a knotted clear plastic bag containing nine individually-wrapped pieces of

crack cocaine. Evans was also found to be in possession of a knotted plastic bag containing marijuana.

Evans was adjudicated delinquent and placed in detention. On appeal, Evans raises the following issues for our consideration:

1. Did the trial court err in denying Carlos Evans' motion to suppress evidence where there was no legal basis to stop or arrest him?

2. Was there sufficient evidence to support a delinquency finding that Carlos Evans possessed nine (9) pieces of crack weighing a total of 1.03 grams with intent to deliver?

When reviewing an order denying a motion to suppress evidence, we must determine whether the factual findings of the trial court are supported by the evidence of record. *Commonwealth v. Jackson*, 451 Pa.Super. 129, 132–34, 678 A.2d 798, 800 (1996). In making this determination, this court may only consider the evidence of the Commonwealth's witnesses, and so much of the witnesses for the defendant, as fairly read in the context of the record as a whole, which remains uncontradicted. *Id.* Additionally, it is exclusively within the province of the trial court to determine the credibility of the witnesses and the weight to be accorded their testimony. *Commonwealth v. Fitzpatrick*, 446 Pa.Super. 87, 90–92, 666 A.2d 323, 325 (1996). If the evidence supports the findings of the trial court, we are bound by such findings and may reverse only if the legal conclusions drawn therefrom are erroneous. *Id.*

Evans' first challenges the trial court's denial of his motion to suppress the contraband recovered by Officer Kelly. Evans asserts that Officer Kelly did not have reasonable suspicion to stop him or probable cause to arrest him, therefore, the trial court should have suppressed the evidence. This issue concerns the interplay between the search and seizure provisions of the Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Pennsyl-

vania Constitution.[1] There are three levels of interaction between police and citizens for search and seizure purposes. A "mere encounter" which need not be accompanied by any level of suspicion, the "investigative detention," which must be supported by reasonable suspicion, and the "custodial detention" which requires probable cause. *Commonwealth v. Ellis*, 541 Pa. 285, 662 A.2d 1043 (1995).

In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) the United States Supreme Court held that a police officer may approach and briefly detain an individual under the Fourth Amendment where the police have a reasonable suspicion that criminal activity may be afoot. In *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969), our supreme court adopted the *Terry* test under Article I, Section 8 of the Pennsylvania Constitution. In determining whether an officer has reasonable suspicion that criminal activity is afoot, courts must examine "the totality of the circumstances – the whole picture." *Interest of B.C.*, 453 Pa.Super. 294, 302, 683 A.2d 919, 923 (1996). A full arrest without a warrant may not be effected in the absence of probable cause. *Commonwealth v. Bailey*, 448 Pa. 224, 292 A.2d 345 (1972). Finally, our supreme court has "emphatically" rejected an "end justifies the means" analysis. *Commonwealth v. Rodriquez*, 532 Pa. 62, 614 A.2d 1378 (1992).

Evans contends that Officer Kelly had neither probable cause to arrest him nor reasonable suspicion to detain him. In *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the United States Supreme Court decided a similar issue. There, the defendant abandoned a rock of crack cocaine while being chased by the police. *Id.* at 623, 111 S.Ct. 1547. The Court proceeded to determine whether Hodari had been "seized" for Fourth Amendment purposes at the time he abandoned the narcotics, for if he were, the narcotics would be the fruit of an illegal seizure. *Id.* at 624, 111 S.Ct. 1547. The Court determined that a

---

*1. Article I,* Section 8 provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or

seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

"show of authority" is not sufficient to create a seizure. *Id.* at 629, 111 S.Ct. 1547. Our supreme court, in *Commonwealth v. Matos*, 543 Pa. 449, 672 A.2d 769 (1996) resolved the question of whether the *Hodari* decision was controlling under Article 1, section 8 of the Pennsylvania Constitution. *Matos* was a consolidated appeal of three cases, each of which involved a suspect fleeing at the sight of, or approach by, police officers and abandoning narcotics when the officers gave chase. *Id.* at 451–53, 672 A.2d at 770–71. The *Matos* court rejected the *Hodari* definition of seizure "as incompatible with the privacy rights guaranteed to the citizens of this Commonwealth under Article I, Section 8 of the Pennsylvania Constitution." *Id.* at 462, 672 A.2d at 776.

■ *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973) is instructive. In *Jeffries*, the defendant was walking down the street, noticed four police officers and quickened his pace, prompting the police officers to exit the police car. The defendant then began to run and the police chased him. The defendant abandoned a cigarette pack containing drugs and the police arrested him. The court explained that " '[a]lthough abandoned property may normally be obtained and used for evidentiary purposes by the police, such property may not be utilized where the abandonment was coerced by unlawful police action.' " *Id.* at 326, 311 A.2d at 918 (quoting *Commonwealth v. Pollard*, 450 Pa. 138, 143, 299 A.2d 233, 236 (1973)). The court excluded the evidence holding that "[t]he causative factor in the abandonment presently under consideration was the unlawful and coercive action of the police in chasing the defendant in order to seize him." *Id.* When the causative factor in the abandonment is an unconstitutional search and seizure, the contraband must be suppressed. *Matos, supra. See also, Commonwealth v. Jackson*, 548 Pa. 484, 698 A.2d 571 (1997).

■ There is a subtle but important distinction, however, between the facts of *Jeffries* and the facts of the present case. In *Jeffries* the police began to chase the suspect before he abandoned the evidence. Here, however, Evans abandoned the crack cocaine as soon as the police officers stepped out of the car. Stepping out of a police car is not unlawful police action under any circumstances. *See Commonwealth v. Douglass*, 372 Pa.Super. 227, 228–29, 539 A.2d 412, 417–19 (1988) (explaining that the police may institute an encounter with a suspect and request information absent any level of suspicion, however, that encounter "carries no official duty to stop or respond"). Therefore, unlike in *Jeffries*, the "causative factor in the abandonment" was not unlawful action on the part of the officers. *Jeffries, supra.* Once the evidence was abandoned, the police were free to retrieve it and use it for evidentiary purposes. *Id.; Pollard, supra.* The recovery of a substance that appeared to be crack cocaine gave Officer Kelly the probable cause he needed to make the arrest; therefore, the subsequent arrest was not unlawful. *Bailey, supra.* Accordingly, we find that the trial court's findings are supported by the record.

■ Evans' second issue alleges that there was insufficient evidence to support a delinquency finding that Evans intended to distribute the cocaine rather than retain it for personal consumption. In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Jarman*, 529 Pa. 92, 94–95, 601 A.2d 1229, 1230 (1992); *Commonwealth v. Swann*, 431 Pa.Super. 125, 635 A.2d 1103 (1994). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Swerdlow*, 431 Pa.Super. 453, 458, 636 A.2d 1173, 1176 (1994) (citing *Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988)). *See also Commonwealth v. Chmiel*, 536 Pa. 244, 639 A.2d 9 (1994). Furthermore, a mere conflict in the testimony of the witnesses does not render the evidence insufficient because "it is within the province of the factfinder to determine the weight to be given to the testimony

and to believe all, part, or none of the evidence." *Commonwealth v. Moore*, 436 Pa.Super. 495, 501, 648 A.2d 331, 333 (1994) (citations omitted).

All of the facts and circumstances surrounding the possession of a controlled substance are relevant in making a determination of intent to deliver. *Commonwealth v. Ramos*, 392 Pa.Super. 583, 573 A.2d 1027 (1990). "The amount [of the controlled substance] involved is not necessarily crucial to establishing an inference of possession with the intent to deliver, if ... other facts are present." *Commonwealth v. Sherrell*, 414 Pa.Super. 477, 607 A.2d 767 (1992) (quoting *Commonwealth v. Ariondo*, 397 Pa.Super. 364, 383, 580 A.2d 341, 350 (1990)).

Evans was found to be in possession of nine individually-wrapped rocks of crack cocaine. It is reasonable to infer that the individual wrappings facilitated their distribution. *See Commonwealth v. Torres*, 421 Pa.Super. 233, 617 A.2d 812 (1992) (evidence of individually wrapped bags of cocaine gave inference of intent to deliver); *Commonwealth v. Ramos*, 392 Pa.Super. 583, 594, 573 A.2d 1027, 1033–34 (1990) (nine individually prepackaged rocks of crack cocaine coupled with defendants act of placing drug beneath a parked car was sufficient evidence of an intent to deliver). Evans was arrested in an area notorious for drug activity and he had no paraphernalia on his person with which to use the drug. It is also reasonable to infer the intent to distribute from these facts. *See Torres, supra* (absence of paraphernalia for consumption of cocaine gave inference of intent to deliver); *Commonwealth v. Parsons*, 391 Pa.Super. 273, 283, 570 A.2d 1328, 1334 (1990) (absence of drug paraphernalia is relevant in determining intent to deliver). Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, we find that the trier of fact could have found that each and every element of the crimes charged were established beyond a reasonable doubt. *Jarman, supra*; *Swann, supra*. Therefore, Evans' sufficiency of the evidence argument must fail.

Adjudication and disposition order affirmed.