J.S36045/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
                Appellee    :
:
     v.               :
:
:
JASON ACEVEDO,         :
:
                Appellant   :   No. 1769 EDA 2013

Appeal from the Judgment of Sentence May 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0002302-2013

BEFORE: GANTMAN, P.J., JENKINS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:       **FILED JANUARY 07, 2015**

Appellant, Jason Acevedo, appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas, following his bench convictions for possession of a controlled substance[1] and possession with intent to deliver a controlled substance[2] ("PWID"). He challenges the sufficiency of the evidence for his PWID conviction. We affirm.

We state the facts as set forth by the trial court: "The Commonwealth's only witness was one of the arresting police officers who described being on routine patrol with two other officers at about 7:00 . . .

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

[2] 35 P.S. § 780-113(a)(30).

p.m. on October 12, 2012, when they encountered [Appellant]."  Trial Ct.

Op., 9/16/13, at 1.  At trial, the officer testified to the following:

> . . . On that date and time, we were travelling, myself, Officer Boyes and Officer Vandermay were travelling eastbound on the 500 block of Cambria when I observed [Appellant] near a vacant lot. I observed him bend down and retrieve a small item and walk approximately five feet to two individuals that were standing there . . . .  [Appellant] made a shaking motion from what appeared to be a small box into his hand.  At that time he walked towards two individuals.  He looked up and saw us coming down the street and, with his right hand, threw the items to the ground, what appeared to be a small box to the ground. . . .
>
> I stopped the two individuals for investigation, and Officer Vandermay, in my presence, recovered a small box containing eight clear ziplock packets with a white chunky substance with a picture of a Playboy symbol on one side and two small ziplock packets of a white chunky substance laying on the sidewalk.  At the time Officer Vandermay recovered them items.  [The two individuals] were released due to investigation, and Officer Boyes approximately a block away stopped [Appellant] and recovered . . . cocaine, crack cocaine. . . .

> No drugs were found on [Appellant's] person from who[m] they recovered $13.00.  On cross examination the officer described the lighting as very well, that it was one of the other officers who placed the recovered items on the property receipt, and demonstrated on a map where everyone was when he observed [Appellant] through the rear passenger window of his vehicle from about 20 feet away. . . .  The [Commonwealth] then submitted the lab report by stipulation, which showed that the packets recovered contained 20 milligrams of cocaine base and 117 milligrams of cocaine, and rested.  The only evidence adduced by [Appellant] was to have the same officer confirm that at the preliminary hearing he testified that "When I observed [Appellant] in a well lit area go to a

> vacant lot and retrieve what appeared to be a small box[.]"

*Id.* at 1-3 (citations omitted).  Appellant was convicted of the above crimes on May 29, 2013, and the court sentenced him to one-and-a-half to three years' imprisonment.  Appellant appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issue in his brief:

> Was not the evidence insufficient to support [Appellant's] conviction for possession of a controlled substance with the intent to deliver, insofar as there was no delivery of any controlled substance nor evidence of an intent to deliver?

Appellant's Brief at 3.  Appellant concedes that while walking towards two other people, he dropped something and ran when the police arrived.  He maintains that because the two men had no money and only stood there, there is no evidence they were or conducted themselves as potential buyers.  Appellant argues the amount of money found on him, $13, and the amount of cocaine found, ten packets weighing in total 137 milligrams, is insufficient evidence to support his conviction for PWID.  We hold Appellant is not entitled to relief.

The standard of review for a challenge to the sufficiency of evidence is *de novo*, as it is a question of law.  **Commonwealth v. Sanford**, 863 A.2d, 428, 431 (Pa. 2004).

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable

doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235-36 (Pa. 2007) (citations and quotation marks omitted). "When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." *Id.* at 1237.

PWID is defined as follows:

Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licenses by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30). "In order to uphold a conviction for possession of narcotics with the intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it." *Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) (*en banc*).

In determining the sufficiency of evidence for PWID, the court looks at the following factors: the quantity of the drugs, "the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large [ ] sums of cash found in

possession of the defendant. The final factor to be considered is expert testimony." ***Ratsamy***, 934 A.2d at 1237-38 (citations omitted). Another factor is lack of drug paraphernalia for personal consumption. ***Id.*** at 1238.

In ***Commonwealth v. Bagley***, 442 A.2d 287 (Pa. Super. 1982), a trial court issued a search warrant to search for drugs and drug paraphernalia in the defendant's car. ***Id.*** at 288. Police followed the defendant's vehicle, and observed the vehicle decrease speed, a small white package the size of a cigarette box being thrown out the window, and the vehicle quickly accelerate. ***Id.*** The police retrieved the package and stopped the defendant. ***Id.*** The package contained eleven baggies of heroin, weighing in total 15.3 grams. ***Id.*** The purity of the drugs ranged from four percent to eighteen percent. ***Id.*** A jury found the defendant guilty of, *inter alia*, PWID, but the trial court granted the defendant's motion to arrest judgment of PWID. ***Id.*** at 288-89. The Commonwealth appealed. ***Id.*** at 289.

This Court noted the purity of the drugs did not create an inference that the heroin was possessed with the intent to deliver. ***Id.*** at 292 (holding "[t]he higher the purity of the heroin seized, the reasoning goes, the more likely that the possessor is a trafficker, since heroin users rarely receive uncut heroin."). The Court further reasoned that the Commonwealth failed to show that the defendant's activity prior to his arrest supported the inference that he possessed heroin with the intent to deliver. ***Id.*** at 291.

Thus, the **Bagley** Court affirmed the order granting an arrest of judgment on the PWID conviction because the Commonwealth failed to produce evidence that the quantity of the drugs was for possession with intent to deliver and not personal use. **Id.** at 291; **see also Commonwealth v. Pagan**, 461 A.2d 321, 322-23 (Pa. Super. 1983) (possession of "small amount" of marijuana, 19.9 grams, and lack of additional paraphernalia to indicate preparation of sale or delivery was insufficient to support conviction of PWID).

In **Commonwealth v. Jackson**, 645 A.2d 1366 (Pa. Super. 1994), police observed the defendant, who was holding a brown paper bag, speaking with another man. **Id.** at 1367. The "defendant moved his right hand from his mouth to his side," and upon seeing the police, put his hand back to his mouth and walked away. **Id.** When the officers followed, the defendant ran and threw away the bag. **Id.** When the police apprehended him, he had seventeen individual bags of fentanyl in his mouth, weighing a total of 1.17 grams and $10. **Id.** The police also found seven syringes in the brown bag. **Id.** The court convicted him of, *inter alia*, PWID, but subsequently, the trial court granted the defendant's motion for arrest of judgment because there was reasonable doubt as to whether the drugs were for delivery or personal use. **Id.** On appeal, this Court affirmed because the small amount of drugs found, the paraphernalia that suggested personal use, the small amount of money, and the fact that the defendant did not

transfer anything to the other man reflected personal use rather than an intent to deliver. *Id.* at 1369-70.

In *Commonwealth v. Smagala*, 557 A.2d 347 (Pa. Super. 1989), a police officer searched a garage the defendant had rented. *Id.* at 348. The search produced .8 grams of cocaine, a razor blade, a rolled up $20 bill, bicarbonate soda, test tubes, a glass pipe with residue, wire mesh screens, hundreds of burnt matches, used tissues, four "tally sheets" with names and numerical amounts written on them, two bundles of used glassine baggies, $834, and a loaded handgun in the defendant's car. *Id.* at 352. At trial, the court convicted the defendant of PWID. *Id.*

On appeal, this Court reversed the conviction based on expert testimony:

> Expert testimony at trial indicated that test tubes and bicarbonate of soda are used to convert cocaine in the powder form into cocaine in the rock form, crack. The cocaine rock is then smoked in a glass pipe inside of which is a wire mesh screen. Instantly, the garage work bench was covered with hundreds of burnt matches and the [defendant] possessed all the necessary tools to [17] create and smoke crack. Those facts are consistent with personal use of cocaine. Also, a rolled up twenty dollar bill and a razor blade were found on the person. The Commonwealth's expert testified that the razor blade was used to divide the cocaine into lines and then the rolled currency was used to inhale those lines of cocaine through the users nostrils. Also, numerous used tissues were found on top of the work bench where the glass pipe was located. Again, those facts are consistent with personal use. The totality of the evidence leads us to the unavoidable conclusion that the [defendant] intended either to smoke the cocaine or inhale it.

*Id.* at 352.

In *In re Evans*, 717 A.2d 542 (Pa. Super. 1998), police officers observed the defendant and two other men standing on the street in a high crime area. *Id.* at 543. When the defendant noticed the officers, he appeared startled, reached towards his waistband, and turned quickly. *Id.* After the officers exited their vehicle, the defendant threw an object to the ground. *Id.* The police recovered the object and found nine individually wrapped pieces of crack cocaine, weighing a total of 1.03 grams. *Id.* at 543-44. The trial court convicted defendant of PWID. *Id.* at 544. This Court affirmed, finding it reasonable to infer intent to deliver when the defendant is in a high crime area, possesses nine individually wrapped packets of crack cocaine, and did not possess paraphernalia for personal use. *Id.* at 546.

Instantly, the facts of this case are more consistent with *In re Evans* than *Bagley*, *Pagan*, *Jackson*, and *Smagala*. Here, the police observed Appellant in an empty lot, walk towards two individuals, pick up a box, shake out two baggies from the box, walk closer toward the individuals, and upon noticing the police, flee and discard the drugs. Like the defendant in *Evans*, and unlike the defendants in *Jackson* and *Smagala*, Appellant did not possess drug paraphernalia consistent with personal use. *See In re Evans*, 717 A.2d at 546; *Jackson*, 645 A.2d at 1369-70; *Smagala*, 557 A.2d at 352. Similar to the defendant in *Evans*, who, after observing police,

discarded nine individually wrapped packets of crack cocaine, Appellant, after he observed the police, discarded ten individually wrapped baggies of cocaine. *See In re Evans*, 717 A.2d at 546.

Unlike the defendant in *Bagley* and *Jackson*, Appellant's behavior suggested an intent to deliver. *See Jackson*, 645 A.2d at 1369-70; *Bagley*, 442 A.2d at 291. In *Bagley*, the defendant was in his vehicle and exhibited no conduct that he was travelling to potential buyers. *Bagley*, 442 A.2d at 290. Here, Appellant picked up a box containing drugs in an empty lot, and walked towards two men. In *Jackson*, "[t]he police officers could not see anything in [the defendant's] . . . , nor did they see anything pass between [him] and the man to whom he was speaking." *Jackson*, 645 A.2d at 1370. Instantly, police observed Appellant in an empty lot, pick up a box, walk towards two individuals, and shake two objects into his hand.

Accordingly, we agree with the trial court that Appellant's actions, coupled with the packaging of the drugs and the lack of personal use paraphernalia, supported a conviction of PWID. In sum, we hold the record sufficiently establishes all the elements of PWID and affirm the judgment of sentence. *See Ratsamy*, 934 A.2d at 1237.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/7/2015</u>