J-S41044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEWIS ALLEN, | |
| Appellant | No. 3201 EDA 2015 |

Appeal from the Judgment of Sentence September 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014063-2014

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 17, 2016**

Appellant Lewis Allen appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on September 17, 2015, following a bench trial and conviction of Possession of a Controlled Substance (heroin) and Possession with Intent to Deliver a Controlled Substance (heroin) ("PWID"). [1]  Following a review of the record, we affirm.

The trial court set forth the relevant facts and procedural history herein as follows:

> Officer Ryan Pownall testified that on October 3, 2014, at 8:11 PM, his tour of duty took him to the 4700 block of Marple Street in the city and county of Philadelphia.  N.T. 6/30/15  7:11-13.  From his marked vehicle, he observed a white female approach the Appellant.  N.T. 6/30/15 9:9-12.  After a brief

---

[1] 35 P.S. §§ 780-113(a)(16) and (a)(30), respectively.

*Former Justice specially assigned to the Superior Court.

conversation, she attempted to hand the Appellant currency and he attempted to take it. N.T. 6/30/15 10:2-3. However, the white female and the Appellant spotted Officer Pownall and retracted their hands. N.T. 6/30/15 10:4-7.

Officer Pownall noted that he had approximately seven years of experience as a Philadelphia police officer in the 15th district and knew the vicinity of the 4700 block of Marple Street to be a high narcotics and high crime area. N.T. 6/30/15 16:6-19. Based on his experience, and on his observations, he believed that the white female and the Appellant were engaging in a narcotics transaction. N.T. 6/30/15 18:9-10.

Accordingly, Officer Pownall exited his car and approached the white female and the Appellant. The Appellant ran away. N.T. 6/30/15 10:13. Officer Pownall chased after the Appellant and yelled at Appellant to stop. N.T. 6/30/15:12-16. After running two blocks, Appellant reached into his right pants pocket and tossed out packets. N.T. 6/30/15 10:22-25. Officer Pownall ran past the packets, tackled, and arrested the Appellant. N.T. 6/30/15 11:5-7. After arresting the Appellant, Officer Pownall walked back six or seven feet to where the Appellant tossed the packets. N.T. 6/30/15 12:20-22. There, he recovered fourteen clear baggies with blue inserts. N.T. 6/30/15 16:2. These baggies were later confirmed to be packets of heroin. N.T. 6/30/15 29:11-13. Officer Pownall also recovered $457.00 from the Appellant's person. N.T. 6/30/15 12:25-13:4. Despite the efforts of Officer Pownall and his partner, they were unable to locate the white female. N.T. 6/30/15 15:4-9.

At the conclusion of the bench trial, the Court found the Appellant guilty of [PWID] and Intentional Possession of a Controlled Substance. On September 17, 2015, this Court sentenced Appellant to 2 ½ to 5 years of incarceration, to be followed by 5 years of reporting probation to be supervised by the state. On October 16, 2015, Appellant filed a Notice of Appeal to the Superior Court. On December 28, 2015, Appellant submitted a Statement of Matters Complained of on Appeal.

Trial Court Opinion, filed 2/5/16, at 1-2.

In his brief, Appellant presents the following Statement of Question

Involved:

Was the evidence insufficient to support the charge of possession with intent to deliver because the evidence failed to establish that Appellant intended to deliver drugs as the evidence showed simply that Appellant was observed appearing to accept currency and without more there was no evidence presented indicating that the packets he possessed were possessed for purposes of distributing them?

Brief for Appellant at 3.[2]

The well-settled standard of review this Court applies to sufficiency of the evidence claims requires us to consider:

whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brooks*, 7 A.3d 852, 856-57 (Pa.Super. 2010) (citations omitted).

The Crimes Code defines PWID as follows:

---

[2] Appellant does not challenge his Possession of a Controlled Substance conviction.

Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a).

To obtain a conviction for possession of narcotics with the intent to deliver, the Commonwealth must prove beyond a reasonable doubt both that the defendant possessed a controlled substance and that did so with the intent to deliver the same. *Commonwealth v. Aguado,* 760 A.2d 1181, 1185 (Pa.Super. 2000) (*en banc*). All the facts and circumstances surrounding possession are relevant in determining whether one possessed contraband with an intent to deliver it, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence. *Commonwealth v. Lee,* 956 A.2d 1024, 1028 (Pa.Super. 2008), *appeal denied,* 964 A.2d 894 (Pa. 2009); *Commonwealth v. Bricker,* 882 A.2d 1008, 1015 (Pa.Super. 2005).

In addition, our Supreme Court has explained that where the quantity of the controlled substance is not dispositive as to one's intent to deliver it, a court may look to other factors, including:

the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and [large] sums of cash found in possession of the defendant. The final factor to be considered is expert testimony. Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are

- 4 -

consistent with an intent to deliver rather than with an intent to possess it for personal use.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237–38 (Pa. 2007) (citation and quotation marks omitted).

Instructive herein is this Court's analysis set forth in *In re Evans*, 717 A.2d 542 (Pa.Super. 1998). Therein, police observed Evans, a juvenile, and two other men standing on a street in a high crime area. *Id.* at 543. When Evans noticed the officers, he appeared startled and quickly turned away while holding the waistband of his pants. *Id.* After the officers exited their vehicle, Evans threw an object to the ground. *Id.* Police recovered the object, a clear plastic bag containing nine, individually wrapped pieces of crack cocaine and weighing a total of 1.03 grams. *Id.* at 543–44. Thereafter, the trial court adjudicated Evans delinquent, and he appealed challenging, *inter alia*, the sufficiency of the evidence to support his adjudication of delinquency for PWID. *Id.* at 544. This Court affirmed and in doing so found it had been reasonable for the trial court to infer Evans' intent to deliver as he had been detained in a high crime area in possession of nine individually wrapped packets of crack cocaine and did not possess paraphernalia for personal use. *Id.* at 546.

Herein, Appellant does not dispute that he possessed fourteen, individually wrapped packets of heroin but rather maintains the evidence was insufficient to prove he possessed the requisite intent to deliver the drugs. Appellant asserts there was no testimony he ever exchanged the

contraband with the unidentified woman and that the "*de minimus*" amount of heroin he carried was consistent with an amount a user typically would possess and use in a day or two. Brief for Appellant at 8, 10, 13-15.[3] Yet, while Appellant points out that the Commonwealth presented no evidence that Officer Pownall knew Appellant to be a drug dealer, he also stresses no evidence was offered that he used drugs. *Id*. at 17.

Appellant further argues his behavior does not support his conviction, states no drug paraphernalia was found on his person, and reasons that it is debatable whether the $457.00 he possessed qualifies as a large sum of money. *Id*. at 15-17. He also notes the drugs were not bundled together. Brief for Appellant at 8. Finally, Appellant contends the lack of any expert testimony to establish Appellant possessed the heroin with an intent to deliver it factors heavily in his favor. *Id*. at 17-18.

Appellant essentially suggests this Court should view the record in the light most favorable to him and posits that the verdict was based on circumstantial evidence so weak that it cannot support a PWID conviction. In doing so, Appellant disregards this Court's standard of review. **See Brooks**, 7 A.3d at 856. Applying that standard and after viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, together with all reasonable inferences therefrom, we conclude the

---

[3] The record does not reveal the total gram weight of the heroin or what amount was contained in each individual packet.

- 6 -

Commonwealth presented sufficient evidence to support Appellant's PWID conviction.

As in *In re Evans*, *supra*, Appellant's behavior observed by Officer Pownall suggested an intent to deliver. At trial, Officer Pownall testified the notoriously high-crime area in which he encountered Appellant and the unidentified woman at night was known for drug activity. N.T., 6/30/15, at 16-17, 22. When the pair observed Officer Pownall, who was dressed in full uniform, the woman withdrew the handful of money she was about to give Appellant and, along with Appellant, fled. Officer Pownall pursued Appellant and watched him discard the fourteen individually packaged portions of heroin after he pulled them from his right pants pocket. *Id*. at 10-11.

When conducting a search pursuant to Appellant's arrest, Officer Pownall discovered Appellant had a considerably large amount of cash, $457.00, on his person, although he did not recover any drug-use paraphernalia. *Id*. at 13. While Appellant argues the lack of drug paraphernalia weighs in his favor, this absence has been viewed as suggesting the opposite. *See Commonwealth v. Ratsamy*, 934 A.2d 1233, 1238 (Pa. 2007) (stating "possession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption"); *see also Commonwealth v. Torres*, 617 A.2d 812, 814 (Pa.Super. 1992) (absence

of paraphernalia for consumption of cocaine provides inference of intent to deliver).

Furthermore, Officer Pownall testified each heroin packet was of the same size, shape and color and packaged in a clear baggie with a blue insert N.T., 6/30/15 at 27. Although Appellant finds support in the fact the individual packages were not bundled together, to the contrary, "it is reasonable to infer that the individual wrappings facilitated their distribution." *In re Evans*, 717 A.2d at 546. In addition, upon seeing police, Appellant attempted to run away. Appellant's flight and that of the unidentified woman, who never was found, may be deemed as indicative of his consciousness of guilt. *Commonwealth v. Hudson*, 955 A.2d 1031 (Pa.Super. 2008).

Moreover, contrary to Appellant's claims, expert testimony is not necessary to support a conviction when the facts established at trial proved beyond a reasonable doubt that defendant was guilty of each and every element of the crime charged. *See Commonwealth v. Harper*, 611 A.2d 1211, 1217 (Pa.Super. 1992) (sufficiency question is determined by the evidence on the record, not supposed "missing" evidence). In light of the foregoing, expert testimony was unnecessary in the instant matter because the Commonwealth presented sufficient evidence to establish appellant's guilt beyond a reasonable doubt through the eyewitness testimony of Officer Pownall.

Based on the foregoing, there was sufficient evidence presented at trial for the trial court to convict Appellant of PWID (heroin). As such, Appellant's claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2016