415 A.2d 2

**COMMONWEALTH of Pennsylvania**

v.

**Robert Lewis GILL, Appellant.**

**No. 717.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1979.

Decided Feb. 1, 1980.

Reargument Denied April 29, 1980.

1

Thomas G. Klingensmith, Lancaster, for appellant.

Joseph C. Madenspacher, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellant, Robert Gill, was charged with possession with intent to deliver a controlled substance in violation of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(30); *as amended,* 35 P.S. § 780–113(a)(30). A pretrial motion to suppress evidence was denied after a hearing and appellant was tried by a jury. Appellant was found guilty and was sentenced to a term of imprisonment of one and a half to three years. He was ordered to pay a fine of $50.00. On appeal, the Superior Court affirmed per curiam. *Commonwealth v. Gill,*

245 Pa.Super. 598, 372 A.2d 420 (1977).  We granted appellant's petition for allowance of appeal.[1]

■  The appellant raises a series of objections as the basis of the relief he seeks.  In view of our disposition, we need only to consider the question of the sufficiency of the evidence to support a conviction of the crime charged.[2]  For the reasons that follow, we are satisfied that the evidence does not sustain the verdict and that the appellant is entitled to a discharge.

The Commonwealth's evidence at trial established that the police had conducted an investigation in late 1974 and early 1975 into the alleged heroin-trafficking activities of one Deborah Taylor.  As a result of this investigation, the police received information from a confidential informant which led them to believe that Deborah Taylor was to receive a shipment of heroin in the evening of February 8, 1975, and would be bringing the shipment into Lancaster.  The police obtained a search warrant based upon this information and pursuant thereto conducted a search of Deborah Taylor's car.  Packets of cocaine were seized from the vehicle and Ms. Taylor was then arrested.  Three hours after the arrest, acting upon additional information provided by the informant that purchases of heroin had been made at the Taylor home, the police obtained a second warrant to search that residence.  Ms. Taylor accompanied the police to the premises and led them into her home.  At this time, appellant was inside Taylor's home, sitting on a sofa, next to Taylor's roommate.  Upon seeing the police, appellant stood up, made a brisk movement with his hand, and then sat back down on the couch.  One of the police detectives immediately walked over to the appellant and found at his feet a handkerchief which contained part of a hypodermic syringe and a "bottle cap cooker", devices commonly used to administer certain drugs.  The detective then noticed an envelope sitting half on and half off a coffee table which was immediately across

1.  This case was reassigned to the writer on December 14, 1979.

2.  Appellant also questions the validity of the search and the sentence.

4

from the appellant. Discovered in the envelope were eleven aluminum foil packets of a brownish substance which later turned out to be phenobarbital, a Schedule IV substance the possession of which is controlled. *See* 35 P.S. § 780–104(4)(i)(11). No controlled substance was otherwise found on appellant's person, although the police did discover, after a "pat down" search, the other section of the hypodermic syringe which had been found earlier at appellant's feet. Appellant was arrested for possession with the intent to deliver the phenobarbital.

The crime charged provides in pertinent part:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

       \*     \*     \*     \*     \*     \*

(30) Except as authorized by this act, the . . . *possession with intent to manufacture or deliver,* a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance. (Emphasis added).

35 P.S. § 780–113(a)(30).

As the statutory language reveals, conviction under this section requires a finding that the defendant possessed and controlled the substance *and that he intended to deliver the substance to another.* The evidence presented, while sufficient to support a conviction of mere possession, it was insufficient to establish the intent to deliver beyond a reasonable doubt.[3]

After the police entered the Taylor residence, the appellant, sitting on the sofa, stood up and made some "motions with his body and hands and [sat] directly back down". A bottle cap cooker and a hypodermic syringe were found at

---

**3.** Although the prosecution had the option of charging appellant with the crime of possession of a controlled substance, section 780–113(a)(16), for some inexplicable reason they chose to rely solely upon section 780–113(a)(30) which required proof of the additional element of an intent to deliver.

appellant's feet. The packets of phenobarbital were discovered half on and half off the coffee table immediately across from the appellant. While the controlled substance was not found on the appellant's person, when applying the appropriate standard of review,[4] the appellant's actions upon the entry of the officers and the close proximity of the contraband to where appellant was in the room, lead us to conclude that the evidence would support an inference that appellant had possessed the substance.

The Commonwealth's case, however, falls woefully short of the quantum required to sustain a finding of the second element, intent to deliver. The Commonwealth points to two facts from which it is contended an inference of an intent to deliver may be drawn. We cannot agree.

The Commonwealth argues that appellant's response to a question posed by the detective as to the contents of the packets provides a significant insight as to appellant's intent to deliver the substance. Appellant stated that he believed the substance to be coffee. Admittedly, the substance had the general appearance of coffee. The Commonwealth, however, argues that this apparently innocent observation reflected sinister overtones, since they contend only a distributor would know that coffee may be mixed with phenobarbital to produce a substance which looked like "street heroin" and had the ability to cause a similar hypnotic effect. Even if we accept appellant's answer as not being prompted by an honest belief, based upon the appearance of the substance, we could not reasonably reach the conclusion that the Commonwealth wishes to draw. First, it stretches the imagination that this process is such a well kept secret that only the actual dispensers, to the exclusion of the regular buyers of drugs and the habitue of this culture,

---

4. When reviewing sufficiency claims, we must view the evidence in a light most favorable to the verdict winner, the prosecution in this case, and accept as true the evidence and the inferences deducible therefrom, which if believed, could have supported the jury's verdict. *See Commonwealth v. Roberson,* 485 Pa. 586, 403 A.2d 544 (1979); *Commonwealth v. Horton,* 485 Pa. 115, 401 A.2d 320 (1979).

would be aware of the use of coffee to make such a mixture. Second, accepting for the sake of argument the premise that this knowledge revealed the possibility that at some point appellant may have delivered such a substance, logic will not permit us to jump to the further conclusion that he intended to deliver the substance in question, absent some additional evidence reflecting an intent relating specifically to the instant packet with which we are concerned. The record is barren of any such additional evidence.

■ Finally, the Commonwealth cannot rely on the quantity and nature of the articles seized to assist in supporting an inference of an intent to deliver. In certain circumstances, the possession of large quantities of a controlled substance may justifiably suggest an inference of an intent to deliver.[5] *See e.g. Commonwealth v. Santiago,* 462 Pa. 216, 348 A.2d 440 (1975). Here the quantity possessed was consistent with that which may be found upon the person of a user and the only paraphernalia retrieved from appellant was an instrument consistent with use rather than delivery of the substance. *See e.g. Commonwealth v. Santiago, supra* (possession of $250,000 worth of heroin, glassine packets, rubber bands, razor blades and other paraphernalia usually associated with the dispensing of the drug); *Commonwealth v. Smith,* 250 Pa.Super. 460, 378 A.2d 1239 (1977) ("street value" of substance $3,000 and paraphernalia suitable to its preparation for street sale); *Commonwealth v. Brown,* 232 Pa.Super. 463, 335 A.2d 782 (1975) (71 packets of heroin).

Accordingly, the judgment of sentence entered in this case is reversed and the appellant discharged.

MANDERINO, J., did not participate in the decision of this case.

**5.** Testimony by Commonwealth's witness established eleven small bags of phenobarbital mixed with coffee were seized amounting to a street value of one hundred and ten dollars.