J-S50003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN LOCH | |
| Appellant | No. 177 EDA 2015 |

Appeal from the Judgment of Sentence October 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): No. CP-51-CR-00013812-2012

BEFORE:  PANELLA, J., MUNDY J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 08, 2015**

Appellant, Brian Loch, appeals from the judgement of sentence entered October 2, 2014, by the Honorable Judge Thomas-Street, Court of Common Pleas of Philadelphia County.  We affirm.

In the early morning of July 21, 2012, Ted Bowne reported a theft at The Blockley, a bar and concert venue.  Bowne reported stolen his backpack containing his iPhone, MacBook Pro laptop computer, wallet containing his driver's license and credit cards, two computer hard drives, headphones, and other computer accessories.  When Bowne first noticed the theft, he immediately spoke to the general manager and unsuccessfully attempted to watch the bar's surveillance video.  Bowne then began tracking his iPhone using the Find iPhone application, a GPS locator system, on the general

1

manager's computer. Bowne tracked the iPhone to the 500 block of Fernon Street.

Bowne drove to the 500 block of Fernon Street and observed several males in front of 520 Fernon Street who had been at The Blockley during the time of the theft. Bowne then saw a man he recognized leaving that residence. Bowne asked if he could enter the premises, and upon entering, explained the situation to several of the occupants. One of the occupants attempted to call the cell phone, at which time the phone turned off and stopped tracking. Bowne searched the residence, but did not find any of the stolen items. Three days later a man called Bowne, stating he had found the his iPhone's outer case in the toilet tank at 520 Fernon Street.

The general manager provided a statement to the police concerning the theft on August 2, 2012. Bowne provided a statement on August 13, 2012, because he resides out of state and was not immediately available. A search warrant for 520 Fernon Street was issued on August 25, 2012.

Detective Campbell and other detectives executed the search warrant. As Detective Campbell knocked and announced the search warrant, he observed through a first floor window a man, later identified as Loch, shoving a clear plastic bag into a book bag. After entering the premises, Detective Campbell searched the backpack and found,

> Defendant's wallet, one (1) clear plastic bag containing mushrooms, and one (1) clear container with a black lid containing five (5) Ziploc bags holding mushroom-type objects from the book bag. *...* On the floor, next to the book bag, was

2

> an iPhone, digital scale, and blue Nicorette container holding one
> (1) clear Ziploc packet with brown chunks, alleged Hash and two
> (2) capsules with alleged Hash inside. [1]

Trial Court Opinion, 2/24/15, at 2. Detective Campbell also discovered a digital scale in the living room desk drawer. Detective Daugherty "recovered [the Defendant's] identification card, narcotics [mushrooms], digital computer hard drive, and several pieces of U.S. mail in the Defendant's name from the second floor middle bedroom." *Id*., at 3 (citations omitted). The detectives also recovered $249 from Loch upon a search incident to arrest.

After the denial of a motion to suppress evidence, the matter proceeded to a bench trial where the court found Loch guilty of possession of a controlled substance and possession with intent to deliver a controlled substance. The trial court sentenced him to three to 12 months' imprisonment, with immediate parole, followed by 36 months' reporting probation under the Mental Health Unit and completion of anger management classes. This timely appeal followed.

Loch first argues the information contained in the affidavit of probable cause was stale and that therefore the search warrant was not supported by probable cause. The standard of review where an appellant appeals the denial of a suppression motion as follows.

---

[1] Upon testing, the brown chunks were found to contain brown chunks of Hash and powder methylenedioxyametamine (MDMA) and the alleged capsules of Hash was determined to be MDMA.

3

> [W]e are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted when read in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court below were erroneous.

*Commonwealth v. Scott*, 878 A.2d 874, 877 (Pa. Super. 2005) (citations omitted).

A search warrant must be supported by probable cause. *See Commonwealth v. Caple*, ___ A.3d ___, ___, 2015 WL 4497915 at *7 (Pa. Super., filed July 24, 2015). Probable cause does not exist if the evidence is stale at the time a search warrant is issued. *See Commonwealth v. Nycz*, 418 A.2d 418, 420 (Pa. Super. 1980). "There is no hard and fast rule regarding what constitutes stale information; such determinations must be made on a case-by-case basis." *Commonwealth v. Vergotz*, 616 A.2d 1379, 1382 (Pa. Super. 1992) (citation omitted). "Mere passage of time is itself not sufficient to determine the question of staleness." *Commonwealth v. Klimkowicz*, 479 A.2d 1086, 1089 (Pa. Super. 1984) (citations omitted). Factors to consider in determining whether a search warrant is stale include, "(1) The nature and quality of items to be seized; (2) time lapse; and (3) ease with which items may be disposed." *Commonwealth v. Yocum*, 418 A.2d 534, 536 (Pa. Super. 1980). Further, the amount of time considered acceptable is dependent upon consideration

4

of all factors; "[t]he determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant. Rather, we must also examine the nature of the crime and the type of evidence." *Commonwealth v. Janda*, 14 A.3d 147, 158-159 (Pa. Super. 2011) (quoting *United States v. Harvey*, 2 F.3d 1318, 1322 (3d Cir. 1993)).

In considering staleness, courts have focused on whether the items sought in the warrant are often disposed of after coming into someone's possession. For instance, in *Janda*, a search warrant was issued to search for shoes that matched shoe prints found at the scene of a seven-month-old burglary. *See* 14 A.3d at 158. The panel held "that shoes … are not an item commonly disposed of soon after they come into their owner's possession. … [W]e cannot conclude that the issuing authority was unreasonable in authorizing a search of Defendant's residence for footwear seven months after the Berks County Burglary." *Id*., at 159.

Drugs held for sale have been considered readily disposable because the desire to sell them for profit provides a compelling reason for disposing of the drugs quickly. *See Commonwealth v. Novak*, 335 A.2d 773, 776 (Pa. Super. 1975).

Here, the stolen iPhone, MacBook Pro laptop computer, two computer hard drives, headphones, and other computer accessories are expensive items. And they are items that are normally kept and used for *years*.

Further, these electronic items are generally expensive and can easily be converted to one's use. This provides a strong incentive to keep the electronics for oneself or hold the electronics for an extended time before selling them.

Loch contends that the iPhone was probably destroyed based on the fact that the iPhone's case was found in 520 Fernon Street's toilet. That is mere conjecture. There are obviously many reasons why the case would be removed and discarded, but not the iPhone. This argument also does not account for the rest of the stolen property, which are considerably more valuable and less disposable than the iPhone.

He also points to the fact that the residents were alerted to the theft and location of the iPhone, but that also does not clearly prove that the thief would have quickly disposed of all the stolen property. The thief was clearly made aware that Bowne knew the iPhone had been taken to 520 Fernon Street because the iPhone shut off as soon as Bowne explained the situation. However, Bowne's ability to continue tracking the iPhone ended when the phone's tracker was shut off.

We find that the suppression court committed no error in determining that the lapse of thirty days between Bowne's report to police and the search of the residence was not too remote to support a finding of probable cause for a search of the residence. In other words, the information contained in

the affidavit of probable cause was not stale. Thus, the search warrant was not stale and the denial of the Motion to Suppress is affirmed.

Loch's second issue on appeal is that no intent was proven to find him guilty of possession with intent to deliver a Controlled Substance, is denied. This is a challenge to the sufficiency of the evidence.

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Helsel***, 53 A.3d 906, 917, 917-918 (Pa. Super. 2012) (citation omitted).

A defendant is guilty of possession with intent to deliver a controlled substance if the Commonwealth proves beyond a reasonable doubt that the Defendant possessed the controlled substance and intended to deliver or sell it. ***See*** 35 P.S. § 780-113(a)(30); ***Commonwealth v. Kirkland***, 831 A.2d 607, 611 (Pa.Super. 2003). To sustain a conviction for possession with

intent to deliver a controlled substance "all of the facts and circumstances surrounding the possession are relevant and the elements of the crime may be established by circumstantial evidence." **Commonwealth v. Little**, 879 A.2d 293, 297 (Pa. Super. 2005). "In certain circumstances, the possession of large quantities of a controlled substance may justifiably suggest an inference of an intent to deliver." **Commonwealth v. Gill**, 490 Pa. 1, 6, 415 A.2d 2, 4 (1980).

The quantity alone in this case is dispositive as to the intent to deliver. Over $7,000.00 worth of different types of narcotics were found at 520 Fernon Street. Furthermore, the Commonwealths' expert witness, Officer Cleaver, provided testimony explaining that some of the narcotics were stored in bulk and some were packaged and weighed exactly as those sold on the street, and that mushrooms and MDMA are rarely bought in bulk unless the buyer is a dealer.

We note that in the present case the police did not recover the narcotics from Loch's person, thus the Commonwealth must establish constructive possession. "Constructive possession is a legal fiction, which is invoked when actual possession at the time of arrest cannot be shown, but there is a strong inference of possession from the facts surrounding the case." **Commonwealth v. Battle**, 883 A.2d 641, 644 (Pa. Super. 2005) (citation omitted). Constructive possession has been defined as "conscious dominion," which has subsequently been defined as "the power to control

8

the contraband and the intent to exercise that control." ***Commonwealth v. Walker***, 874 A.2d 667, 678 (Pa. Super. 2005) (citation omitted). "[C]onstructive possession may be established by the totality of the circumstances." ***Id***. (citation omitted).

A detective observed Loch stuffing a bag into a backpack. When the detectives searched the bag it contained narcotics. Loch testified that he "panicked" when the police arrived and that he "tried to just … basically take everything that was illegal and move it into my bag as quickly as possible." N.T., Waiver Trial, 4/1/14, at 45. The detectives also found narcotics all over the residence, including in a bedroom containing his work identification card and mail. This evidence shows that Loch had conscious dominion over the contraband.

The Commonwealth presented sufficient evidence to sustain the conviction for possession with intent to deliver.

Judgement of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2015