J-S29005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MALIK WALKER | |
| Appellant | No. 168 EDA 2016 |

Appeal from the PCRA Order December 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006271-2008

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED APRIL 26, 2017**

Malik Walker appeals from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

In 2009, Walker was convicted by jury of one count each of possession with intent to deliver a controlled substance[1] and false identification to law enforcement authorities.[2] The drug charge stemmed from officers

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-13(a)(30).

[2] 18 Pa.C.S. § 4914(a).

uncovering 135 packets of crack cocaine[3] in the front seat of the car Walker was driving during a vehicle stop. A search incident to arrest also uncovered $1,040 in cash on Walker's person. The trial court sentenced Walker to an aggregate term of 6-12 years' imprisonment. No post-sentence motions or direct appeal were filed. After filing his first PCRA petition in 2010 claiming that trial counsel was ineffective for failing to file a direct appeal, our Court reinstated Walker's direct appeal rights. Walker filed a direct appeal *nunc pro tunc*; on September 5, 2013, our Court affirmed Walker's judgment of sentence. ***Commonwealth v. Walker***, No. 2375 EDA 2011 (Pa. Super. filed June 22, 2012).

On December 9, 2013, Walker filed a *pro se* PCRA petition;[4] counsel was appointed and filed an amended petition. In his amended petition, Walker alleged that Philadelphia Police Officer Michael Spicer, who testified as a Commonwealth witness[5] at his jury trial, had allegedly been involved in

_____

[3] Officers seized three individual zip-lock baggies: one baggie contained 40 packets of crack cocaine; another baggie contained 41 packets of crack cocaine; and the third baggie contained 54 packets of crack cocaine.

[4] Walker titled this document a "Motion for New Trial Based upon After Discovered Evidence Alternatively, for Post Conviction Relief; or Alternatively, for a Writ of Habeas Corpus." The trial court correctly chose to treat this as a timely filed PCRA petition. ***See*** Pa.R.Crim.P. 720 (Comment) ("after-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA.").

[5] At Walker's trial, Officer Spicer testified as an expert witness in narcotics and the packaging and distribution of narcotics opining that, based upon his
*(Footnote Continued Next Page)*

- 2 -

illegal activities, unbeknownst to counsel[6], at the time of Walker's trial. Walker alleged that he was entitled to relief under the PCRA where the Philadelphia District Attorney's Office had dismissed all open cases in which Spicer was involved in the prosecution due to his untrustworthiness and the fact that Spicer was "making up certain facts, particularly the facts about use of a 'source of information.'" PCRA Petition, 12/9/13, at ¶ 7. After issuing Pa.R.Crim.P. 907 notice of its intent to dismiss his petition without a hearing, the court entered an order on December 7, 2015, denying Walker's petition. The trial court denied Walker's petition finding that "the newly discovered evidence regarding Officer Spicer was not exculpatory and would not, in any manner, compel a different result in this case." Trial Court Opinion, 3/15/16, at 6. This appeal follows.

On appeal,[7] Walker presents one issue for our consideration: Did the court err by denying [his] Post Conviction Relief Act Petition (PCRA)?

_(Footnote Continued)_ _____

experience, the amount of drugs Walker possessed was intended for distribution.

[6] In fact, five other officers were involved in the illegal activities which allegedly included claims of false arrests, filing of fraudulent reports and the use of excessive force. As a result of their actions, more than 250 open cases were dismissed by the District Attorney's Office.

[7] The trial court notes that Walker filed his Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal late. However, despite it being untimely, the trial court addressed Walker's claim. **See** Trial Court Opinion, 3/15/16, at 2 n.3.

On appeal from the denial of PCRA relief, we must determine whether the PCRA court's findings are supported by the record and whether the order is otherwise free of legal error. ***Commonwealth v. Blackwell***, 647 A.2d 915, 920 (Pa. Super. 1994). We will not disturb the PCRA court's findings unless they have no support in the record. ***Id.***

Instantly, Walker presented an after-discovered evidence claim pursuant to § 9543(a)(2) of the PCRA.[8] Specifically, Walker contends that on December 3, 2012, Philadelphia District Attorney Seth Williams sent then-Philadelphia Police Commissioner Charles Ramsey a letter indicating that his office was no longer going to prosecute cases involving Officer Michael Spicer. Walker asserts that this letter was first referenced on Fox News on December 5, 2012. Walker claims that he is entitled to post conviction relief because this new evidence "would have been utilized to undermine the officer's reliability" and "if the fact finder had been aware of [the] officer's practice of lying in the past about other drug cases and/or confidential informants, it is likely that [the] verdict would have been different." Amended PCRA Petition, 9/22/14, at ¶¶ 11-12.

---

[8] Pursuant to 42 Pa.C.S. § 9543(a)(2)(vi) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the conviction or sentence resulted from . . . [t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.").

In **Commonwealth v. Burton**, 2017 Pa. LEXIS 664 (Pa. filed March 28, 2017), our Supreme Court set forth the requirements to prove an after-discovered evidence claim under the PCRA:

> [W]here a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under 42 Pa.C.S. § 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Id.** at *22 (emphasis added).

Here, the evidence regarding Officer Spicer's alleged illegal activities could not have been obtained before the conclusion of trial by reasonable diligence where it did not become known to the public until almost three years after Walker was convicted. Likewise, the evidence was not corroborative or cumulative as the veracity of Officer Spicer's expert testimony was never questioned at trial. Despite these conclusions, we recognize that none of the after-discovered evidence Walker has identified points towards his innocence or has any direct bearing on Officer Spicer's actions in this case. At most, it calls into question the credibility of Officer Spicer. In other words, all of the evidence referenced herein strongly suggests that Officer Spicer is guilty of multiple instances of criminal misconduct in other drug cases, but none of the evidence details any such wrongdoing in this case.

In **Commonwealth v. Brown**, 596 A.2d 840 (Pa. Super. 1991), our Court explained the role of a police officer qualified as an expert witness in a drug possession case:

> A police officer, who qualifies as an expert witness, can give opinion evidence that a defendant possessed drugs with the intent to deliver, regardless of whether the defendant was charged with that particular crime. The opinion of the witness possessing such knowledge is permitted as an aid to the jury. This is true even when the expert expresses an opinion on the ultimate issue before the jury. When opinion evidence is properly admitted, it is then for the jury (or the trial court) to determine its credibility. The jury is free to reject it, accept it, or give it some weight between the two. A witness may testify to an ultimate issue only in those instances where the admission will not cause confusion or prejudice. Expert opinion testimony will be admitted only if it is based upon facts which are of record.

**Id.** at 842. **See Commonwealth v. Ratsamy**, 934 A.2d 1233 (Pa. 2007) (where it is not clear whether substance is being used for personal consumption or distribution, final factor to be considered is expert testimony).

At trial, Spicer testified as to his qualifications that make him an expert in narcotics packaging and use. N.T. Jury Trial, 2/25/09, at 139-43. The Commonwealth offered Spicer's testimony solely to prove to the jury that Walker possessed the drugs with the intent to deliver rather than for personal use or simple possession. **Id.** at 144 ("Do you have an opinion as to whether those – whether that crack-cocaine was possessed for personal use or with the intention of delivering it?"). To that end, Spicer offered detailed testimony regarding the way the instant drugs were broken down

into three separate baggies which he opined to be indicia of drugs for redistribution. *Id.* at 147. Spicer also opined that the confiscated drugs were worth over $2,700 and that "money goes hand in hand with drugs." *Id.* at 145, 150. Notably, Spicer was not involved in any way with the car stop, seizure of drugs, Walker's arrest, or the prosecution of his case. *Id.* at 156 ("I can't lend an opinion to the person or persons involved. I wasn't there. I have no observations or anything like that. I strictly give the district attorney my opinion on the evidence recovered."). *Cf. Commonwealth v. Rivera*, 939 A.2d 355 (Pa. Super. 2007) (where laboratory technician testified regarding weight, type and chain of custody of drugs in defendant's trial, after-discovered evidence that technician had been charged with stealing drugs from lab justified vacating defendant's judgment of sentence vacated and remanding case for evidentiary hearing where evidence called into serious question type and amount of drug upon which defendant's conviction and sentence were based).

Moreover, the evidence would not likely compel a different result. To establish the offense of possession of a controlled substance with intent to deliver, the Commonwealth must prove beyond a reasonable doubt that a defendant possessed a controlled substance with the intent to deliver it. *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003). The trier of fact may infer that the defendant intended to deliver a controlled substance from an examination of the facts and circumstances surrounding the case. *Id.* Factors to consider in determining whether the drugs were

possessed with the intent to deliver include the particular method of packaging, the form of the drug, the presence of large sums of cash on the defendant's person, and the behavior of the defendant. ***Commonwealth v. Jackson***, 645 A.2d 1366, 1368 (Pa. Super. 1994) (citations omitted). ***See also Commonwealth v. Bagley***, 442 A.2d 287 (Pa. Super. 1982) (to determine whether evidence warrants inference of possession with intent to deliver, trier of fact shall consider quantity of drugs, street value of drugs, manner of packaging, and presence of paraphernalia used in drug trafficking).

Here, the defense focused on the issue of constructive possession and whether or not the drugs found in the defendant's vehicle, which included several other occupants, could be tied to Walker. Moreover, based on the sheer quantity of the drugs, lack of any drug use paraphernalia, and the amount of money found on Walker, the jury could reasonably infer, without the use of expert testimony, that Walker possessed the drugs with the intent to deliver. ***See Commonwealth v. Gill***, 415 A.2d 2 (in certain circumstances, possession of large quantities of controlled substance may justifiably suggest inference of intent to deliver); ***Commonwealth v. Santiago***, 340 A.2d 440, 444 (Pa. 1975) ("intent with which a controlled substance is possessed is generally established through circumstantial evidence and . . . the quantity of the drug possessed is a circumstance which may permit the inference that the possessor had an intent to sell, deliver or otherwise distribute."); ***Ratsamy***, ***supra*** ("[P]ossession with intent to

deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption."). Thus, the evidence would not likely compel a different result at trial.

Accordingly, because Walker's after-discovered evidence would have been used to attack Spicer's credibility and would not likely compel a different verdict, the trial court's decision is supported in the record. ***Blackwell***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/2017