J-S34033-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                 :         PENNSYLVANIA
                                                 :
              v.                          :
                                                   :
                                                   :
ANTHONY L. JETER                     :
                                                   :
              Appellant            :       No. 33 WDA 2019

Appeal from the Judgment of Sentence Entered December 5, 2018
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000089-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                  FILED JULY 11, 2019

Appellant, Anthony L. Jeter, appeals from the aggregate judgment of sentence of eight to sixteen years of confinement with a concurrent six months of probation, which was imposed after his jury trial conviction for possession with intent to deliver a controlled substance by a person not registered ("PWID"), use of or possession with intent to use drug paraphernalia, and knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered.[1] We affirm.

Appellant resided in the basement of a home in Aliquippa, Beaver County; although the owner of the house could enter the basement, he described it as "strictly" Appellant's "living area." N.T., 10/31/2018, at 37,

_____

[1] 35 P.S. § 780-113(a)(30), (32), and (16), respectively.

*   Retired Senior Judge assigned to the Superior Court.

39, 45-46 (homeowner's testimony). While Appellant was not present and with the consent of the homeowner, police searched the basement and discovered 293.2 grams of cocaine,[2] small glassine baggies, rubber gloves, a measuring cup with cocaine residue inside, and a Pennsylvania temporary identification card in Appellant's name. Commonwealth Exhibits 3 (baggies), 9-10 (cocaine discovered in basement; measuring cup), 12 (card), 17 (stipulated lab report); N.T., 10/31/2018, at 39 (homeowner's testimony), 52, 59-62, 71-72, 75 (arresting officer's testimony). The arresting officer, who had been involved in 100 to 200 narcotics investigations, later described the amount discovered in the basement as "quite a bit of cocaine," more than he had seen at any one location, except in a handful of cases. N.T., 10/31/2018, at 49, 76 (arresting officer's testimony). When police arrested Appellant, they found $379 in cash and 0.42 grams of cocaine on his person. Commonwealth Exhibits 13-14 (cocaine discovered on Appellant's person; cash); N.T., 10/31/2018, at 66, 73 (arresting officer's testimony).

On October 31, 2018, a jury convicted Appellant of the aforementioned charges. Sentencing was delayed pending a presentence investigation report. On December 5, 2018, Appellant was sentenced, and, on December 28, 2018, Appellant filed this timely direct appeal. [3]

_____

[2] The parties stipulated that the substance was cocaine and to the amount.

[3] Appellant filed his statement of errors complained of on appeal on January 24, 2019. The trial court entered its opinion on February 11, 2019.

Appellant presents the following issues for our review:

I.      Whether the Commonwealth presented to prove sufficient evidence beyond a reasonable doubt that Appellant was in possession of the illegal substance cocaine.  Specifically in regards to the cocaine and other items discovered in the basement of the residence [in] Aliquippa[,] Pennsylvania.

II.      Whether the [trial] court erred in denying Appellant's motion for summary judgement because the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that Appellant had the intent to distribute an illegal substance?

Appellant's Brief at 6 (suggested answers and unnecessary capitalization omitted).  "This appeal addresses only the charge relating to [PWID c]ocaine in violation of 35 P.S. § 780-113(a)(30)."  Id. at 7.[4]

"To sustain a conviction for [PWID], the Commonwealth must establish the defendant knowingly or intentionally possessed a controlled substance without being properly registered to do so, with the intent to manufacture, distribute, or deliver it.  See 35 P.S. § 780-113(a)(30); Commonwealth v. Brown, 48 A.3d 426, 430 (Pa.Super. 2012)."  Commonwealth v. Dix, 2019 PA Super 102, *11 (filed April 1, 2019), petition for allowance of appeal docketed, No. 211 EAL 2019.

_____

[4] Appellant thus is not challenging his convictions for use of or possession with intent to use drug paraphernalia, 35 P.S. § 780-113(a)(32), or for knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered, id. § 780-113(a)(16).

- 3 -

Appellant argues that the Commonwealth failed to present sufficient evidence of two elements of PWID: (1) possession and (2) intent to deliver. Appellant's Brief at 9-16.

> This Court's standard for reviewing sufficiency of the evidence claims is as follows:
>
>> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>>
>> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> Commonwealth v. Rodriguez, 141 A.3d 523, 525 (Pa.Super. 2016) (quoting Commonwealth v. Tarrach, 42 A.3d 342, 345 (Pa.Super. 2012)).

Commonwealth v. Izurieta, 171 A.3d 803, 806 (Pa. Super. 2017) (internal brackets omitted).

### Possession

There is no dispute that Appellant was not in actual possession of the cocaine discovered in the basement.

Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

Commonwealth v. Parrish, 191 A.3d 31, 36–37 (Pa. Super. 2018) (internal brackets, citations, and quotation marks omitted), appeal denied, 202 A.3d 42 (Pa. 2019); see also Dix, 2019 PA Super 102, *11 ("Because Dix was not in physical possession of the narcotics, the Commonwealth was required to establish Dix had constructive possession. To establish constructive possession of contraband, the Commonwealth must show that the defendant has 'conscious dominion' over the contraband[.]" (citation omitted)).

"Where contraband is found among the defendant's personal effects, in a place normally accessible only to the defendant, the fact finder may properly infer that the defendant had both the power and intent to control the contraband." Commonwealth v. Gray, 469 A.2d 169, 171 (Pa. Super. 1983).

Viewing the evidence admitted at trial and all reasonable inference drawn therefrom in a light most favorable to the Commonwealth as verdict

- 5 -

winner, we conclude that the evidence was sufficient to support that Appellant possessed the cocaine discovered in the basement. See Izurieta, 171 A.3d at 806.

Appellant's constructive possession of the cocaine discovered in the basement was established through uncontradicted testimony of the homeowner that Appellant resided in the basement, which the homeowner described as "strictly" Appellant's "living area." N.T., 10/31/2018, at 37, 39, 46. Although the homeowner also testified that he could enter the basement, he further testified that he consented to the search thereof, id. at 39, 45, and the factfinder could reasonably deduce that the basement was normally accessed only by Appellant and infer that the homeowner would not have consented to the search had he been aware of the presence of cocaine. See Izurieta, 171 A.3d at 806 ("all reasonable inferences"); Gray, 469 A.2d at 171 (where contraband is found "in a place normally accessible only to the defendant, the fact finder may properly infer that the defendant had both the power and intent to control the contraband").

Furthermore, the officer testified that he discovered Appellant's state-issued identification card in the basement, N.T., 10/31/2018, at 62, and the card itself was shown to the jury as Commonwealth Exhibit 12. Viewed in the light most favorable to the Commonwealth, see Izurieta, 171 A.3d at 806, the presence of Appellant's identification card – i.e., a personal effect -- in the basement suggests that Appellant had control over the basement. See Parrish, 191 A.3d at 36–37; Gray, 469 A.2d at 171.

Additionally, the cocaine found on Appellant's person at the time of his arrest was admitted into evidence, Commonwealth Exhibit 15, and the jury could have reasonably inferred that Appellant's actual possession of cocaine was circumstantial evidence that the cocaine discovered in the basement likewise belonged to him, giving him constructive possession thereof. See Parrish, 191 A.3d at 36–37; Izurieta, 171 A.3d at 806 ("all reasonable inferences").

For all these reasons, based on the totality of the circumstance, we hold that the evidence was sufficient to establish that Appellant had conscious dominion over the cocaine and, ergo, to prove the element of possession for PWID. See Dix, 2019 PA Super 102, *11; Parrish, 191 A.3d at 36–37.

## Intent

In addition, there was sufficient evidence to enable the trier of fact to find, beyond a reasonable doubt, that Appellant had the requisite intent to deliver the cocaine discovered in the basement. See Izurieta, 171 A.3d at 806.

"In certain circumstances, the possession of large quantities of a controlled substance may justifiably suggest an inference of an intent to deliver." Commonwealth v. Gill, 415 A.2d 2, 4 (Pa. 1980).

> [I]f the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors.
>
> Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the

        defendant, the presence of drug paraphernalia, and large[] sums
        of cash found in possession of the defendant.

Commonwealth v. Ratsamy, 934 A.2d 1233, 1237–38 (Pa. 2007) (citation omitted) (some formatting). "An intent to deliver may also be inferred from the totality of the circumstances." Gray, 469 A.2d at 172.

In the current action, an experienced narcotics officer testified that the amount of cocaine discovered in the basement was a large quantity, N.T., 10/31/2018, at 49, 52, 59-61, 72, 76, and the jury saw for itself the amount of cocaine recovered. Commonwealth Exhibit 9. The jury could draw the reasonable inference from this evidence that the cocaine seized from the basement was not for personal use and was therefore intended for distribution and delivery. See Gill, 415 A.2d at 4; Izurieta, 171 A.3d at 806 ("all reasonable inferences").

The officer additionally testified that rubber gloves, small baggies, and a measuring cup with cocaine residue inside were uncovered in the basement, N.T., 10/31/2018, at 52, 59-61, 72, and the baggies and the cup were admitted into evidence as Commonwealth Exhibits 3 and 10, respectively. The evidence of the baggies implies that Appellant was delivering the cocaine and not keeping it for personal use; the presence of the cup with cocaine residue inside suggests that it was being used to measure out cocaine, possibly to put it into the baggies, which likewise indicates delivery and distribution of the cocaine to third parties, not personal use. The rubber gloves could have been used to handle the product during the measuring and packing for distribution.

The existence of this packaging equipment and drug paraphernalia imply intent to deliver. See Ratsamy, 934 A.3d at 1237.

Moreover, the officer testified that Appellant had a large amount of cash and a small amount of cocaine on his person when arrested, N.T., 10/31/2018, at 66, 73, which the jury was shown as Commonwealth Exhibits 13 and 14, respectively; the trier of fact could find a individual who had large sums of cash and a little bit of a drug on his person had been dealing that drug. See Ratsamy, 934 A.2d at 1238.[5]

All of this evidence was thus sufficient to establish beyond a reasonable doubt that Appellant had the intent to deliver the cocaine located in the basement. See Ratsamy, 934 A.2d at 1237–38; Izurieta, 171 A.3d at 806; Gray, 469 A.2d at 172.

\* \* \*

Accordingly, viewing the evidence admitted at trial and all reasonable inferences drawn therefrom in a light most favorable to the Commonwealth, the evidence established that Appellant had constructive possession of the cocaine from the basement and had the intent to deliver it, and Appellant's sufficiency of the evidence claims consequently must fail. See Izurieta, 171 A.3d at 806. Both of Appellant's issues hence are meritless, and we affirm.

Judgment of sentence affirmed.

_____

[5] There was no evidence presented as to "the behavior of the defendant," the final remaining factor that may be considered according to Ratsamy, 934 A.2d at 1237.

Judge McLaughlin joins the Memorandum.

Judge Dubow Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2019